## No. 299.

### EUGSTER & CO. *v.* LA COMPAGNIE COMMERCIALE DE TRANSPORTS A VAPEUR FRANÇAIS.

1. In the application of Sections 2668 and 2669 of the Revised Statutes of this State, forbidding the use of the words "and Co.," where there is no actual partnership, the issue depends upon whether or not, as a fact, there was such misuse of the formula named. Contracts are not to be annulled, by operation of these Sections, simply because counsel has, through inadvertence, declared a firm to be composed of only one member, when, in fact, there were more than one composing such firm.

2. Amendments to pleadings are to be regarded favorably, and received liberally, where justice is promoted, and a multiplicity of suits is to be avoided.

3. Where there is a doubt as to the propriety of an amendment, the benefit of such doubt should be given in favor of the amendment.

4. Where, therefore, in a petition setting up a cause of action in favor of a firm, it is stated, through error, that the firm is composed of one party named, an amendment should be allowed setting forth the true facts of the case, and disclosing the names of all the co-partners.

*Appeal from Civil District Court, Division C. Monroe, J.*

*Blanc & Butler* for plaintiffs, appellants.

*Henry Denis* for defendant, appellee.

KELLY, J.—This is an action for damages for alleged non-performance and breach by the defendant Company of contracts of affreightment.

The original petition, upon its face, appears to be the "petition of Eugster & Co., doing business in the City of New Orleans, composed of Fidèle Eugster, who temporarily resides in said City." Throughout the body of the petition it purports to be the petition of "petitioners" in the plural. In an affidavit, at the foot of the petition, "F. Eugster, being duly sworn, doth depose and say, he is *a member* of Eugster & Co., and has read the foregoing petition, that all the facts alleged therein are true."

The defendant Company excepts peremptorily to the action on the ground: "that said petition discloses and alleges the fact that plaintiff herein, Fidèle Eugster, is transacting business, in this city, under the fictitious name of Eugster & Co., and is the sole member of said fictitious firm, in violation of Sections 2668 and 2669 of the Revised Statutes of this State, which forbid the same and delare it a misdemeanor; that said petition avers that it is under the same fictitious name of Eugster & Co., that the plaintiff has contracted with the defendants, in the manner stated by him; that said plaintiff, therefore, discloses no lawful cause of action and cannot be permitted to allege his own violation of law and ask for judgment thereunder and against these defendants," and the defendants pray that their exception be maintained and the suit dismissed.

From a bill of exception in the record it appears, that, on the trial of the exception, counsel for plaintiff asked leave to file a supplemental and amended petition, showing that the petition originally filed was written by plaintiffs' attorneys, and that said plaintiffs, acting through Fidèle Eugster, inadvertently affirmed the correctness of the same, without perceiving that the said attorneys had alleged therein that the firm of Eugster & Co. was composed of Fidèle Eugster, "when in truth, and in fact, the said Fidele Eugster is, and then was, the sole resident member of said firm, and Charles F. Orthwein and William Orthwein, of Orthwein Brothers, St. Louis, Missouri, now are, then were, and since the month of June, 1882, have been members of said firm of Eugster & Co., the plaintiff in the suit."

The supplemental and amended petition, duly sworn to by

Fidèle Eugster, is annexed to the bill of exceptions. It appears from the bill that the counsel for defendants objected to the filing of the supplemental petition, and that the Court sustained the objection, and refused to allow the amended petition to be filed, to which ruling of the Court the bill of exception was duly taken. It further appears from the record, that having refused to allow the proposed amendment to be made, the Court sustained the exception to the original petition and dismissed the suit.

The Court, in our judgment, erred in refusing to allow the supplemental and amended petition to be filed.

The only effect which the Sections of the Revised Statutes, made the basis of the exception, are entitled to have, upon the contracts and right of action of Eugster & Co., depends altogether *upon the fact* whether there *has or has not* been any infraction of the prohibition of the Statute, and that depends upon *the further fact*, whether "and Co.," in the style of Eugster & Co., did or did not, at the time the contracts were made and the suit instituted, represent an "actual partner or partners." If those words did, as is averred upon oath in the supplemental petition, represent actual partners other than Fidèle Eugster, then, there never was any infraction at all of the statutory prohibition at any time. The penalty and disability denounced by the Statute are to be incurred only by infraction of the prohibitory clause of the Statute, and not by a mere inadvertent error or misstatement in a pleading filed in a court of justice on behalf of a firm lawfully constituted.

Upon the averment thus directly made by the amendment tendered, that the words "and Co." in the style of the firm of Eugster & Co., represent and did represent at the time the contracts were made and the suit was instituted, actual partners, other than Fidèle Eugster, that is to say William Orthwein and Charles F. Orthwein, the defendants are entitled to take issue and demand proof, if they so elect. We do not consider, however, that they have the right, after tender of the amendment, to insist that even if the truth be as averred in the amendment, that Eugster & Co. consisted, when the contracts were made and

the suit was instituted, of Fidèle Eugster, William Orthwein and Charles F. Orthwein, that, nevertheless, the firm is effectually and finally estopped from averring and proving the truth of the matter, by the form of the pleading first filed; and to insist that although it be true that the firm is and was a lawfully constituted firm of three members, and it be also true that the form of the first pleading, in the particular relied on to operate the estoppel, was the result of inadvertent error, that the effect of such inadvertent error must still be to deprive the firm of its right of action and to reduce its contracts to nullities no longer enforceable in a court of justice.

In 5 La. An. 566, it is said that the Supreme Court will more readily sanction the allowance than the refusal of an amendment, as the former is less likely to do injustice than the latter.

The general rule is well settled, that amendments to the pleadings should be liberally admitted where they do not alter the substance of the demand or defence, and are not interposed for delay, but with a view. to the furtherance of justice, and the avoidance of the sacrifice of substance to form.   C . P. 419, 420, 421 ; 5 La. An. 674; 10 La. An. 599 ; 13 La. An. 412;   14 La. An. 355 ; 27 La. An. 316.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be reversed and avoided, and that this cause be remanded to the lower court with directions co allow the supplemental and amended petition, annexed to the bill of exceptions taken on behalf of the plaintiffs herein, to be filed, and to proceed to try and determine the case upon the pleadings as thus amended, and any further pleadings which the parties may be entitled to tender in conformity to law, and that the appellees pay the costs of this appeal.

---

### Concurring Opinion.

McGloin, J.—In this case the petition, taken as an entirety, and considered in connection with the affidavit, can scarcely be considered as alleging unequivocally, and beyond all doubt or

uncertainty, that Fidèle Eugster *alone* constituted the firm of Eugster & Co.   The petition is that of Eugster & Co., and not primarily of Fidèle Eugster, and throughout, including the prayer, it uses, with persistence, the term " petitioners," instead of " petitioner," with verbs likewise in the plural number to correspond.   So, in the affidavit, Fidèle Eugster does not swear that he alone composes the firm of Eugster & Co., but on the contrary, he makes oath positive that he is " a member of Eugster & Co."   See Ferguson vs. King, 5 La. An. 642.

The rule is, that amendments favoring justice and tending to prevent multiplicity of suits, are to be favored.   Jelks vs. Smith, 5 La. An. 674; Mouton vs. Cameau's Heirs, 5 La. An. 566; Swilley vs. Low, 13 La. An. 412; Richardson vs. Fenner, 10 La· An. 600.

I consider that there was a doubt, and that the learned Judge *a quo* should have given to plaintiffs the benefit thereof.

Nor has an examination of the authorities satisfied me that the law is so very rigid in excluding amendments of this kind, where the plaintiff is clearly a firm, and the amendment relates not to the character of the action sought to be enforced by that firm, but to the composition of the firm itself.   R. W. Estlin, Liquidator, vs. Ryder, 20 La. An. 251, was a case where plaintiff sued as liquidator of a firm composed of himself and ————. Subsequently an amendment was permitted, setting up that that there was no liquidator, and the partners were permitted to carry on the suit in their own names and interests.   So in Payne vs. Fenlow, 21 La. An. 160, a suit instituted originally by Payne, surviving partner and liquidator, was changed into one by Payne, individually.

The reception of the amended petition must do away with the question of illegality presented in the exception of defendant to the petition; hence, I see no necessity which demands an expression of opinion upon the merits of said exception.

For these reasons I concur in the decree.