**KUNNES v. KOGOS**

(January 7, 1929. Opinion and Decree.)

Deutsch & Kerrigan, of New Orleans, attorneys for plaintiff, appellee.

Robt. L. Hickerson and Herve Racivitch, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff filed with the clerk of the first city court for the parish of Orleans a petition containing a moneyed demand for $150, bearing the heading, "In the Civil District Court in and for the Parish of Orleans, State of Louisiana," and addressed, "To the Honorable the Judges of the Civil District Court in and for the Parish of Orleans, State of Louisiana." To this petition an exception to the jurisdiction was filed by defendant, whereupon plaintiff sought and obtained the permission of the court to file a supplemental petition, which was addressed to the "First City Court for the City of New Orleans, State of Louisiana." After the filing of the supplemental petition, the exception was tried and overruled, and judgment rendered in favor of plaintiff on

the merits. No answer was filed by defendant, who relies solely upon the exception to the jurisdiction.

Code of Practice, art. 172, provides, among other things, that the petition must mention "the name or title of the court to which it is addressed." In Watson vs. Pierce, 6 Mart. (N. S.) 417, a petition addressed to the district court for the parish of West Feliciana was filed in the court at East Baton Rouge. The Supreme Court, in approving the action of the trial court, said:

"We think the judge below did not err. His refusal to give judgment by default on a petition addressed to another tribunal is so clearly correct that it requires no observation from us to show it so. His rejecting the application to amend is sustainable on the obvious reason that there was nothing before him to amend by."

In Wadsworth vs. Harris, 1 Rob. 96, the case of Watson vs. Pierce was affirmed, the court saying:

"No judgment by default can be taken, nor can permission be given to amend the petition by changing the address. Code of Practice, art. 171, requires the petition to be addressed to a competent judge."

In Lukis vs. Allen, 45 La. Ann. 1447, 14 So. 186, the court held that:

"The address to the court is an essential part of the petition, and its omission cannot be excused in the copy served on the defendant."

Our attention is also called to the following text appearing in 31 Cyc. p. 94:

"The court in which the action is brought should be designated with substantial accuracy, but technical defects will not render the pleading insufficient. It is sufficient to state it in the caption. Where, however, the pleading wholly fails to indicate the court, there is no jurisdiction, and the proceedings will be set aside. And where a pleading is required to be addressed to the court, such address is an essential part of the pleading, and it is a fatal error to address it to a court different from that in which it is filed."

Plaintiff frankly admits that at least two of the cases cited are directly in point, and are fatal to his contention that an amendment should be allowed. The argument is made, however, that these cases are very old, one of them decided about 100 years ago, and that they should not be followed, because of the modern tendency to permit amendments which work no injury and prevent useless delays and costs. The following authorities are cited: Jelks vs. Smith, 5 La. Ann. 674; Carter vs. Farrell, 39 La. Ann. 102; Meyer vs. Farmer, 36 La. Ann. 785; Eugster & Co. vs. La Compagnie Commerciale, 2 McGloin, 163; Davis vs. Arkansas Southern Ry. Co., 117 La. 320, 41 So. 587; Williamson vs. Williamson, 164 La. 144, 113 So. 796—the last case holding that: "Amendments to pleadings are reducible to no unbending rule. Each case must be left to the solemn discretion of the court. They should always be permitted where they tend to the furtherance of justice and are not prejudicial to the other party."

Whether our Supreme Court is now prepared to overrule the cases referred to as ancient authority, which modern tendencies have outlived and outgrown, we are not prepared to say. It is sufficient for us that they have not done so. For an intermediate court to assume, in the absence of a positive declaration by the Supreme Court, that a doctrine, clearly announced in a decision of that court, and repeated thereafter in two other opinions, has been abandoned because of the trend of modern jurisprudence, without any express statement to that effect by that court, would be very unbecoming in this court as a subordinate tribunal.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the exception to the jurisdiction filed by defendant be maintained, and plaintiff's suit dismissed at his cost.

Judgment reversed.