No. 448

First Circuit

—

FIDELITY UNION CASUALTY CO. v. ROMERO

—

(May 7, 1929. Opinion and Decree.)

—

C. Arthur Provost, of New Iberia, attorney for plaintiff, appellee.

Lessley and Rouly, of Lafayette, attorneys for defendant, appellant.

ELLIOTT, J. Fidelity Union Casualty Company, assignee of Earl W. Hall, and subrogee of his rights, claims of Lastie Romero $105.75 as the amount of damage done to an automobile belonging to said Hall, by said Romero.

The defendant excepted to plaintiff's demand on the ground that its petition failed to disclose a cause or right of action. The exception was overruled. The defendant then answered under reserve of his rights to the exception. He objected to evidence in support of plaintiff's demand, on the ground that the petition set forth no cause of action. This objection was also overruled, the evidence received and judgment rendered in favor of the plaintiff, based thereon.

The defendant urges that the ruling was erroneous; that the exception should have been sustained and the suit dismissed.

Plaintiff alleges that on January 28, 1928, in New Iberia, La., Hall's automobile was run into and damaged by that of defendant, which was being driven in an unlawful ,reckless, careless and negligent manner under the authority, direction and order of said Romero, who was in the automobile at the time. That the damage aforesaid was caused by said recklessness, gross negligence, want of skill and reckless disregard of petitioner's rights, on the part of said Romero, and that petitioner did in no way contribute to the said occurrence.

The plaintiff alleges that the occurrence took place in New Iberia and we take cognizance of the fact that New Iberia is a city, but we cannot take cognizance of an ordinance of the city, in ruling on the exception of no cause of action, because it is not alleged that defendant violated a city ordinance. Valenti vs. Oster Bros.

Carriage & Wagon Mfg. Co., 154 La. 991, 98 So. 553.

It is not alleged that Hall's automobile was on a city street at the time, nor that he was driving too fast. No particular act is alleged from which it could be inferred that his driving was illegal, reckless, careless or negligent. The statement that his acts were unlawful, careless, reckless or negligent, and that the damage aforesaid was caused by said recklessness, gross negligence, want of skill and reckless disregard of petitioner's rights, and that the said Hall did in no way contribute thereto, amounts to nothing further than a legal conclusion. The ultimate facts from which such things can be the proper result, should have been alleged.

The Code of Practice, art. 172, No. 4 provides:

"That the petition must contain a clear and concise statement * * * of the cause of action on which it is founded."

The Supreme Court has held in a line of decisions that allegations for supporting the petition must be of facts and not conclusions of law. State vs. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772; Levy vs. Desposito, 133 La. 128, 62 So. 599; Hills vs. City of New Orleans, 139 La. 537, 71 So. 797; Arent vs. Liquidating Commissioners of Bank of Monroe, 133 La. 134, 62 So. 602.

The exception of no cause of action should have been sustained.

For these reasons the judgment appealed from is annulled, avoided and set aside.

The exception of no cause of action is sustained and the suit dismissed, without prejudice to plaintiff's right to bring another suit based on proper allegations. The plaintiff and appellee to pay the cost in both courts.