VACCARO v. FAVROT

---

(December 16, 1929. Opinion and Decree.)
(January 13, 1930. Rehearing Refused.)
(February 11, 1930. Writ of Certiorari and
Review Granted by Supreme Court.)
(May 5, 1930. Opinion and Decree of
Supreme Court.)

---

Quintero & Ritter, of New Orleans, attorneys for plaintiff, appellee.

Saunders, Baldwin, Viosca & Haspel and Eug. D. Saunders, of New Orleans, attorneys for defendant, appellant.

BOATNER, Judge ad hoc. The plaintiff sues for damages to his automobile resulting from a collision with the defendant's autotruck. There was judgment below for the plaintiff for $1,588.50, with interest, and the defendant appeals.

The defendant answered, without exception. At the trial, on the opening of the plaintiff's case, the defendant objected to

all evidence on the ground that the petition did not state a cause of action, and at the same time filed a formal exception to the same effect. The objection and exception were overruled by the judge a quo, for the reason, as he stated, that the matters urged in support of them were those of vagueness, which had been waived by answer. In this court the defendant argues that this case comes within the rule of State vs. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772, and the other cases that pleadings must allege facts, and that it does not suffice to allege legal conclusions. Without considering whether, in the light of recent jurisprudence (Francis vs. Barbazon, 10 La. App. 55, 120 So. 427, and Kunnes vs. Kogos, 10 La. App. 602, 119 So. 451, reversed on certiorari by the Supreme Court 168 La. 682, 123 So. 122), a defendant who would urge that his adversary's petition is defective ought not to be required to make the point preliminarily so as to give timely opportunity for amendment, we find that the petition does not charge negligence boldly, without specification of fact—as the defendant avers it does—but that, after alleging that plaintiff's automobile was being driven in a public street, it alleges that the defendant's employee carelessly and recklessly drove the defendant's autotruck into the automobile, causing damage. That, it seems to us, alleges facts leading to the conclusion of negligence. If the defendant considered the petition did not inform him with sufficient fullness and distinctness of the case against him, he should have demanded further pleading by an exception of vagueness. The ruling of the judge a quo on the objection and exception was correct.

On the merits, the plaintiff proved, and the defendant concedes, that the plaintiff's car was being driven on the right side of the road, at a moderate speed, and without negligence; and the defendant's witnesses admit that his autotruck, as the two vehicles were about to meet, turned to its left across the road and collided with the plaintiff's car. These facts, without excuse, obviously would convict the defendant's driver of negligence. If the defendant is to be relieved of liability, he should make good his excuse.

The excuse which is offered is that, as the vehicles were approaching each other, each on its own side of the road, a small car came out from behind the plaintiff's and passed it in the same direction; that the driver of the defendant's autotruck, thinking to avoid collision with the small car, which seemed imminent, put on his brakes strongly and suddenly; that it was raining at the time, and the pavement was wet; and that the application of the brakes caused the truck to skid over against the plaintiff's car.

There is no doubt that, if the facts would be found as the defendant's witnesses state them, the defendant's driver would be free of fault, for his acts would, in that case, have been forced upon him by necessity. Landry vs. McNeil Hunter Motor Co., 11 La. App. 380, 122 So. 293. But the testimony on this point of the defendant's two witnesses, the driver of the truck and his helper, was contradicted by four witnesses for the plaintiff, his son, who was driving, and three other passengers, all of whom swear that they were looking closely at the truck as it neared them, because it was swerving from side to side, causing them to fear a collision, and that they saw no other car pass between their car and the truck. Considering that their faculties must have been directed intently to the space immediately in front of them, and to

the left of their car, through which the supposititious small car must have traveled, it is difficult to believe that none of the four would have seen it if actually there was any such car.

The defendant argues in this court that the windows of plaintiff's car, which were closed on account of the rain, were obscured by the rain, so that the passengers could see only through the small area of the windshield kept clean by the wiper. But our understanding of the record is that the rain was not so heavy as to obscure vision through the windows, and that the plaintiff's witnesses could and did see out through them. The circumstances do not admit application of the rule of the superiority of affirmative over negative testimony. The judge a quo, after analysis of the evidence, found the facts on this point against the defendant, and we agree with him. It must be held, therefore, that the defendant is liable for the plaintiff's damages.

.

The collision was so violent that it all but demolished the plaintiff's car. The front wheels were knocked out of line; both fenders, the splasher, and running board on the left side were torn off, and the doors on that side were caved in; the rear axle was knocked from under the car; the left rear wheel was torn off; the frame was bent out of line; all the springs were twisted, and some were broken; the rear axle housing was twisted, and the front splasher bent out of shape; the drive shaft was pulled out; the gasoline tank and muffler were damaged; the left step plates were demolished; the tail lamp bracket was twisted and broken; the rear bumper was torn off and twisted beyond, repair; the steering mechanism was put out of commission; one front wheel and both rear wheels were bent beyond repair; and one wheel was out of line; one locking ring was twisted beyond repair; the rear axle shafts were bent; and the rear shackle links were twisted out of shape.

The car was a Packard sedan bought new; it had been in use about three weeks, and, according to a reading of the speedometer taken just after the accident, it had run 1,714 miles. It was not a new car, and could not have been sold at the time of the accident for what the plaintiff had paid for it; but he is a commission merchant, not a dealer in automobiles, and he had bought it, not for resale, but for his own use and that, it seems, of his family. For all of his purposes the car was substantially as good as new.

The Packard agency offered to repair all the damages which its inspection disclosed, listed in its estimate, for $918.61; and, while Mr. Abbot and Mr. Beydler, who acted for the agency, testified that in their opinion, after the work which they proposed had been done, the car would be in serviceable condition, the agency refused to guarantee that result, and both of them said no car which had received injuries so extensive can be made as good as it was for use or as valuable for resale. The plaintiff tried to sell the wreck as it was, and the best offer he got was $300. The defendant obtained detailed offers to make repairs from Schayer for $753.35 and from Oster for $823.41 Mr. Schayer testified that his repairs would practically put the car back in the same condition. Mr. Oster testified only that he saw necessity for no other repairs than those he listed in his offer. If there is any conflict between the plaintiff's witnesses and those of the defendant as to the effect of repairs to the

car, we think the more reasonable view is that a car injured as plaintiff's was cannot be made substantially as good as it was by repairs, however skillful and thorough.

In determining what the plaintiff should recover if we require the defendant to provide him with a new car, it may be that the plaintiff would be in a somewhat better position, though this may well be doubted, since the difference between a new car and one four weeks old, so far as plaintiff is concerned, is difficult to estimate, and may be said to be negligible. In any event, defendant is responsible for the difficulty which confronts us. See Bianchi vs. Mussachi, 1 La. App. 291, and Vila vs. Westfeldt, 7 La. App. 552.

After making the offer to repair which we have mentioned, the Packard agency proposed to allow $1,025 for the wreck against the purchase of another car, and the plaintiff made a trade for a new car identically the same as that which had been wrecked. It cannot be said the allowance was too small. The price of the new car was $2,525, and, with the allowance deducted, its cost in cash to the plaintiff was $1,500, for which he is entitled to judgment.

In calculation of the judgment below the cost of the new car was taken at $2,588.50 and the allowance at $1,000; but the bill of the Packard agency offered in evidence by the plaintiff (document 10 of the record) shows the correct figures to be as we have just stated them. The error is comparatively small, and would no doubt have been corrected below if the attention of the trial judge had been called to it by motion for rehearing or new trial. While it is necessary to amend the judgment,

costs of appeal will be taxed against the defendant.

For the reasons given, the judgment appealed from is amended by reducing the amount thereof to $1,500, with legal interest from judicial demand, the defendant to pay all costs of both courts; and, as thus amended, the judgment appealed from is affirmed.

HIGGINS, J., takes no part.