*486
 
 OVERTON, J.
 

 This case comes before us on a writ of review, granted as a matter of right, under section 11 of article 7 of the Constitution of 1921. The suit is one for damages, arising out of an -automobile accident, in which defendant’s truck collided with plaintiff’s automobile, and practically demolished it. The district court rendered judgment for plaintiff, and the Court of Appeal (125 So. 296) affirmed the judgment.
 

 At the commencement of the trial of the ease, defendant filed an exception of no cause of action, based upon the ground that plaintiff’s petition does not allege a single fact, except the mere fact of the accident, and no fact, as distinguished from a conclusion of law, from which defendant’s negligence may be inferred.
 

 So far as relates to the cause of the damage, the petition contains the following allegations: “That on or about the 14th day of July, 1927, at about four o’clock P. M. on the Pontehartrain Boulevard (New Basin Shell Road) and while driving in the direction of Lake Pontehartrain, your petitioner’s said car while being operated by petitioner’s son, Herbert Vacearo, a person of full age and licensed to operate a motor car, was run into and damaged as is hereinafter set forth by a truck owned by Clifford F. Favrot, said truck at the time being under the control and operation of one of the servants, agents or employees of said Clifford F. Favrot, defendant herein, acting under and during the course of his employment. That the said collision was brought about through no fault or negligence of your petitioner, but through the fault, gross negligence, carelessness and reckless driving of the said servant, agent or employee of said Clifford, F. Favrot, defendant herein, in the course of his employment.”
 

 The foregoing excerpt from plaintiff’s petition unquestionably contains 'allegation's of conclusions of law, reached by plaintiff. It also contains allegations of ultimate facts. It is true that the pleader, in setting out his cause of action, must allege facts, as distinguished from conclusions of law. ,-This has frequently been held in this state. It suffices, however, to cite, as so holding, State v. Hackley, Hume & Joyce, 124 La. 854, 50 So. 772 ; Arent v. Liquidating Com’rs of Bank of Monroe, 133 La. 134, 62 So. 602 ; Zibilich v. Rouseo, 157 La. 936, 103 So. 269. Where, however, the petition sets forth sufficient facts to disclose a cause of action, .the fact that it. also contains allegations of conclusiqns of law does not detract from the petition.
 

 ' [3, 4] We think that, in this instance, the petition sets forth sufficient facts to disclose a cause of action. It sets forth the time and place of the accident, the direction in which plaintiff’s automobile was moving,- the name of the person operating plaintiff’s car, that- he was a person of full age and licensed to operate a car, that his car was run into and damaged by- a truck, belonging to defendant, operated by one of defendants servants,- pursuT ant to his employment, and that the accident was due to the “reckless driving” of defendant’s servant.
 

 The allegation, though vague, that the accident was due to the “reckless driving” of defendant’s servant, is an allegation, setting forth an ultimate fact, which, when consid1 ered in connection with the remaining allegations of plaintiff’s petition, suffices to show a cause of action. The cause of action alleged is not so vaguely set forth as to be equivalent to setting forth no cause of action at all. The petition might have been amenable to an exception of vagueness, but if- so, which-it probably was, defendant should not have waived this objection to it by pleading to the merits,
 
 *488
 
 without availing himself of the objection, and then raised the objection under an exception of no cause of action, but should have excepted to the petition, in limine litis, on the ground of vagueness.
 

 The ruling of the Court of Appeal for the Parish of Orleans, on the exception of no cause of action, in this ease, is, as urged by defendant, not reconcilable with the ruling made by the Court of Appeal of the First Circuit in the case of Fidelity Union Casualty Co. v. Romero, 10 La. App. 796, 122 So. 288. That case, in its essential features, is very similar to the present one, especially as relates to the allegation, setting forth reckless driving, without specifications, as the cause of the accident. However, as the ruling of the Court of Appeal of the Orleans Circuit is in accord with our own views, the Union Casualty Co. Case, in so far as it conflicts with the views here expressed, must yield. We therefore think that the Court of Appeal for the Parish of Orleans properly overruled the exception of no cause of action.
 

 It is als!o urged by defendant that the judgment of the Court of Appeal for the Parish of Orleans is in direct conflict, as relates to the quantum of damages allowed, with the case of Sherwood v. American Ry. Express Co., 158 La. 43, 103 So. 436, decided by this court. In the present case, the Court of Appeal allowed the value of the automobile, less the trade-in value of the wreckage. In the Sherwood Case the court allowed plaintiff only sufficient to put the damaged car in repair. In the present case the car was so damaged that repairs would not have placed it in as good a condition as it was before; whereas, in the Sherwood Case, it appeared that repairs would have given plaintiff as good a car as he had before. There is no real conflict between the two cases. Nor was there error in allowing plaintiff the value of a new car. Plaintiff had possessed the car only about three weeks, when it was wrecked, and had driven it only 1,714 miles. The car was purchased by him for his personal use, and for that use, to all intents and purposes, was as good as it was the day it was purchased.
 

 Defendant also urges that the Court of Appeal erred in finding him at fault for the collision. The case was not ordered sent here for the purpose of ascertaining whether the Court of Appeal erred in its finding of facts as to the negligence of defendant. We may say, however, that we have examined the evidence, and fail to find that the court erred in this respect.
 

 For these reasons, the judgment under review is affirmed.