49 So.2d 880 (1951)
GUITEAU
v.
SOUTHERN PARKING CO., Inc. et al.
No. 19307.
Court of Appeal of Louisiana, Orleans.
January 2, 1951.
*881 May & Carrere and Edward F. Stauss, Jr., New Orleans, for plaintiff and appellant.
Porteous & Johnson and Parnell J. Hyland, New Orleans, for defendants and appellees.
JANVIER, Judge.
Clarence J. Guiteau brought this suit to recover $425.46, paid by him for repairs to his Pontiac automobile, made necessary when that car was in collision with a truck owned by Alexander Semel and driven by an employee in the course of his employment by Semel, who operates a pressing and dry cleaning business in New Orleans.
The defendants are Semel and his insurance carrier, State Farm Mutual Automobile Insurance Company, and also Southern Parking Company, Inc., this last party being made defendant under the allegation that plaintiff's car, which had been left for parking during the day, was taken out by an employee of the said parking company "in order to park same on said lot" for the reason that the said parking "necessitated the said Mack Williams' driving the car around, out on the street; * * *".
The suit, as against Semel and his insurer, was dismissed on exceptions of no cause and no right of action. The same exceptions were also filed by Southern Parking Company, Inc., but were overruled, and that defendant has filed answer.
The matter is now before us on appeal by plaintiff from the judgment maintaining the exception filed by Semel and his insurer and dismissing the suit as against them.
In his original petition, plaintiff alleges that he was a regular customer of the defendant parking company and that he was "in the habit of parking his automobile daily at said parking lot, leaving his automobile at this locality in the morning while petitioner worked during the day, * *", and that he did so on the morning of January 26th, 1948. He alleges also that the car was received "by an employee of defendant, * * * and was parked on the premises operated as a parking lot by defendant, * * *."
He further alleges that on that day his car was damaged in a collision between it and a truck, at an intersection several squares away from the parking lot, while it was being driven by an employee of the parking company, "acting within the scope and course of his employment." He next alleges that he attempted to have the parking company repair the damage, but that that company denied liability, and that he then made demand upon Semel and Semel's insurer, but that they both denied liability. He then alleges that, since the defendants are in better position than he to "explain" the accident and since he is unable to allege the precise cause of the accident, he is compelled "to invoke the benefit of the doctrine of `res ipsa loquitur'". And he further alleges "that a presumption of negligence arises from the fact itself of the said collision and damage."
To this petition Semel and his insurer, State Farm Mutual Automobile Insurance Company, as we have stated, filed exceptions of no right of action and no cause of action. Plaintiff then filed a supplemental and amended petition in which he reiterated all of the allegations of his original petition and made certain further allegations, some of which we shall later quote. As we have already said, Semel and his insurer again filed exceptions of no right of action and no cause of action and these were maintained.
Since the other defendant, Southern Parking Company, Inc., has already filed answer, the only question now before us is whether the exceptions of Semel and State Farm Mutual Automobile Insurance Company were properly maintained.
Counsel for plaintiff insists that for either or both of two reasons, the exceptions should have been overruled. First, they say that the doctrine of res ipsa loquitur *882 is applicable under the allegations made in the supplemental and the amended petitions and that, because of the effect of this doctrine, plaintiff is not under the necessity of alleging any specific acts of negligence; and second, they say that even if it be held that the doctrine of res ipsa loquitur is not applicable as between plaintiff and Semel and his insurer and even if, as a result of the non-applicability of that doctrine, plaintiff is under the necessity of alleging the specific acts of negligence which were responsible for the accident, there are in the supplemental petition sufficient allegations as to the acts of negligence to establish a cause of action.
Even if the doctrine is not to be applied against Semel and his insurer, nevertheless there may be a cause of action stated in the supplemental petition, and we shall therefore first analyze that petition in an effort to determine whether it contains allegations sufficiently specific to enable Semel and his insurer to answer, and sufficiently specific to establish a cause of action if those allegations are sustained by evidence.
First of all, it seems to us quite evident that the modern trend is against the maintenance of exceptions of no cause of action and the consequent dismissal of a suit, unless it clearly appears that the petition either clearly states facts which in themselves destroy the cause of action, or unless it appears that such allegations as are made cannot, by interpretation, be made to establish a cause of action. The mere fact that the allegations are general and not specific is not sufficient to permit the dismissal of the suit, unless they are so general as to justify the conclusion that no facts are alleged.
It is true that, in the supplemental petition, the charges are more or less general in their nature. For instance, the plaintiff alleges that the Semel truck was being operated at a reckless speed and in a negligent manner. But there are other allegations which cannot be overlooked. For instance, it is charged that the Semel car was being operated "recklessly and carelessly, in disregard of the rights and safety of others, and at a speed and in a manner so as to endanger the property of petitioner herein, all in violation of Article 5, Section 2 of Ordinance 13,702, Commission Council Series."
It is also charged that the driver of the said vehicle was negligent in failing to have it under proper control, in order to be able to stop to avoid a collision, and that the said driver was also negligent in failing "to act as reasonable and prudent persons would under similar circumstances."
In Vaccaro v. Favrot, 170 La. 483, 128 So. 284, 285, the plaintiff alleged that the collision was brought about "through no fault or negligence of your petitioner, but through the fault, gross negligence, carelessness and reckless driving of the said servant * * * (defendant) * * *." The Supreme Court said:
"We think that, in this instance, the petition sets forth sufficient facts to disclose a cause of action. It sets forth the time and place of the accident, the direction in which plaintiff's automobile was moving, the name of the person operating plaintiff's car, that he was a person of full age and licensed to operated a car, that his car was run into and damaged by a truck, belonging to defendant, operated by one of defendant's servants, pursuant to his employment, and that the accident was due to the `reckless driving' of defendant's servant.
"The allegation, though vague, that the accident was due to the `reckless driving' of defendant's servant, is an allegation, setting forth an ultimate fact, which, when considered in connection with the remaining allegations of plaintiff's petition, suffices to show a cause of action. The cause of action alleged is not so vaguely set forth as to be equivalent to setting forth no cause of action at all. The petition might have been amenable to an exception of vagueness, but if so, which it probably was, defendant should not have waived this objection to it by pleading to the merits, without availing himself of the objection, and then raised the objection under an exception of no cause of action, but should have excepted to the petition, *883 in limine litis, on the ground of vagueness.
"The ruling of the Court of Appeal for the Parish of Orleans, on the exception of no cause of action, in this case, is as urged by defendant, not reconcilable with the ruling made by the Court of Appeal of the First Circuit in the case of Fidelity Union Casualty Co. v. Romero, 10 La.App. 796, 122 So. 288. That case, in its essential features, is very similar to the present one, especially as relates to the allegation, setting forth reckless driving, without specifications, as the cause of the accident. However, as the ruling of the Court of Appeal of the Orleans Circuit is in accord with our own views, the Union Casualty Co. Case, in so `far as it conflicts with the views here expressed, must yield. We therefore think that the Court of Appeal for the Parish of Orleans properly overruled the exception of no cause of action."
In Fidelity Union Casualty Co. v. Romero, 10 La.App. 796, 122 So. 288, which is the case referred to in the above quotation from the Supreme Court's decision in the Vaccaro case, the allegations were that the car of the defendant was being driven "in an unlawful, reckless, careless, and negligent manner * * *". The Court of Appeal for the First Circuit maintained an exception of no cause of action, stating that the allegations amounted "to nothing further than a legal conclusion."
As shown in the above quotation from the decision in the Vaccaro case, the Supreme Court did not approve of that finding.
In Robinson v. Miller, La.App., 177 So. 440, the petitioner alleged that the operators of the two cars "were driving their said vehicles at a reckless, careless and negligent speed and in total disregard of the safety of petitioners' child." Exceptions of no cause of action were maintained in the district court but, on appeal, we reversed the judgment of the district court, holding that the allegations were sufficient to set forth a cause of action.
In West v. Ray, 210 La. 25, 26 So.2d 221, 223, the Supreme Court discussed the modern tendency which is against the dismissal of an action on technical grounds, saying: "Technical objections and harsh rules of pleading which would dispose of litigants' cases without a hearing on the merits have never been favored under Louisiana law. The modern federal rule and general tendency in all States is to be reasonable and even liberal in construing or interpreting pleadings with a view of a prompt disposition of the case on its merits, after full hearing by both parties, and where the petition fairly informs the defendant of the nature of plaintiff's claim, the modern court will not favor dismissal and the delays incident thereto * * *."
Our conclusion is that though the plaintiff, by an exception of vagueness could have been called upon to furnish more detailed allegations, nevertheless the allegations, as they are, did not justify the dismissal of the suit on an exception of no cause of action.
Of course, however, the evidence must be such as would be admissible under the charges of negligence and, on proper objection, the evidence would be limited to such as would support those charges. In view of this, it becomes advisable that we also determine whether the doctrine of res ipsa loquitur is applicable, because if it is, then plaintiff may offer evidence not only in support of the charges of negligence which are made in the supplemental petition, but may offer any other evidence which for any reason may show negligence or fault on the part of the driver of the Semel truck. We, therefore, now consider the applicability vel non of the doctrine of res ipsa loquitur.
Counsel for plaintiff concede that ordinarily this doctrine has no application in the usual intersectional automobile collision case but they assert that where, because of peculiar facts, it is alleged that the owner of one of the vehicles involved could have had no knowledge as to the cause of the accident he may call the other defendant to show how the accident occurred, and may obtain judgment on failure to produce evidence which satisfactorily explains the occurrence.
*884 The doctrine which plaintiff seeks results from a recognition that there may be situations in which plaintiff cannot possibly have knowledge as to how certain occurrences may have been caused, whereas the defendant must have had such knowledge.
In 65 C.J.S., Negligence, § 220(2), page 987, it is said that: "The doctrine of res ipsa loquitur, which is recognized in almost all jurisdictions, is that, where the thing which caused an injury is shown to be under the management of defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care."
Similar statements appear in numberless cases in every jurisdiction. In Louisiana no one can think of the doctrine of res ipsa loquitur without recalling the case of Lykiardopoulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575, 576, in which the Supreme Court said: "* * In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, the rule of evidence is that the accident speaks for itselfres ipsa loquiturthat is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them. The accident itself makes out a prima facie case, and the burden is on defendant to show absence of negligence. Res ipsa loquitur. That rule is of peculiar applicability in cases of boiler explosions. Thus, negligence may be inferred from the fact of the explosion of the boiler of the vessel, although the defendant is under no contract obligation to protect the plaintiff."
Only rarely is the rule applicable in an automobile accident case, even where only one vehicle is involved. We discussed this particular question in Hebert v. General Accident Fire & Life Assur. Corp., La. App., 48 So.2d 107, and in this case the Supreme Court refused a writ of certiorari on December 11, 1950.
But we did say in that case, and we repeat, that there may be situations in which the doctrine may be applied where an automobile accident is involved. However, even though it be true that there may be cases in which the doctrine is applicable where one automobile is involved, very seldom indeed may it be applied where two cars participate and where the driver of either or both may have been at fault. The reason for the scarcity of such two-vehicle cases seems to be that the rule ordinarily should be invoked only where all of the agencies which may have been involved were under the control of one defendant. In such cases it is proper to call upon that defendant to explain the occurrence in such a way as will absolve him. It is, therefore, doubtful if the rule should be applied where there are two or more defendants, either or both of whom may have been at fault. It must be conceded, however, that there are casessome in Louisianain which the doctrine has been applied against two defendants.
In Bonner v. Boudreaux, La.App., 8 So. 2d 309, 311, a pedestrian was injured when two automobiles collided and one of them ran upon the sidewalk and struck the pedestrian. The Court of Appeal for the First Circuit said: "* * * The plaintiff invoked, as he had a right to do under the circumstances, the doctrine of res ipsa loquitur, and he now contends that, as each defendant places the blame for the collision on the other, the result is that neither has given a satisfactory explanation for the collisionthe evidence of one neutralizing that of the otherthus leaving both of them to bear the blame under the above doctrine, * * *."
The Court held that in such situation the doctrine of res ipsa loquitur is applicable.
The same result was reached by the same Court in Weddle v. Phelan, La.App., 177 So. 407.
*885 This particular question is thoroughly considered and discussed in Yellow Cab Co. v. Hodgson, 91 Colo. 365, 14 P.2d 1081, 83 A.L.R. 1156, from the syllabus of which we quote the following: "`Res ipsa loquitur' doctrine was inapplicable where evidence disclosed that injury might have resulted by reason of concurrent negligence of two or more persons or causes, one of which was not under management and control of taxicab owner, and that, under allegations of complaint, taxicab owner did not have exclusive control and management of causative force producing injury, and had no superior knowledge on the subject, evidence clearly establishing cause of injury."
The same Court (Supreme Court of Colorado), in Zimmerman v. Franzen, Colo., 220 P.2d 344, 352, quoting from 38 Am.Jur., sec. 303, p. 1000, again said: "The res ipsa loquitur rule does not apply where it appears that the accident was due to a cause beyond the control of the defendant, such as the presence of vis major or the tortious act of a stranger. Nor does it apply where an unexplained accident may be attributable to one of several causes, for some of which the defendant is not responsible. * * *"
If, however, we assume that in Louisiana the doctrine may be applied where two or more vehicles are involved and each is under the control of a different defendant, we have here one additional fact which makes a solution of the problem even more complicated, and that fact is that the car of the plaintiff which was damaged, though it was being operated without his knowledge, was being operated with his implied consent. We realize that counsel for plaintiff will vehemently dispute this statement of fact, but analysis of the original petition and of the supplemental petition leaves no other conclusion possible. In the original petition plaintiff alleged that he left his car "in the parking lot" and that the car was "received by an employee of defendant * * * and was parked on the premises operated as a parking lot".
Those allegations show plainly that plaintiff knew that the car was to be operated by an employee of the parking lot; that it was to be moved by that employee to some spot other than that which he left it. It must be conceded that that allegation does not indicate that plaintiff knew that the car was to be driven from the parking lot out onto the street, but when we consider the allegations of the supplemental petition, we can reach no other conclusion than that the plaintiff knew that it might be necessary that an employee of the parking company drive the automobile out on to the street and back into the parking lot. We notice, for instance, following the allegation to the effect that "an employee of defendant * * * while acting within the course and scope of his employment had to drive petitioner's automobile * * *; that the driving of said automobile was made necessary in order to park same, and that the driving of said automobile in order to park same on said lot necessitated the said Mack Williams' driving the car around, out on the street", and that the accident occurred while the said Williams "still acting within the course and scope of his employment, attempted to drive back on the lot * * *."
As we have said, we conclude from those allegations that when the car of plaintiff was left in the garage or on the parking lot, plaintiff well knew that it might be necessary for an employee to drive it to a different location or, in properly placing it on the lot, to drive it out on the street and back again. The necessary conclusion from this is that, at the time of the accident, the car was being operated with the implied consent of the plaintiff himself. It must, of course, be conceded that this fact would not make the plaintiff responsible for any negligent act of the employee of the parking company. It would not make the employee of the parking company pro hac vice the employee of plaintiff, but it should prevent the operation of the doctrine of res ipsa loquitur. It should place upon the plaintiff the obligation of ascertaining from the employee of the parking lot all necessary information to bring suit against the other defendants involved. If an owner of the automobile entrusts it to a bailee under *886 such conditions as will permit the bailee to operate it in such a way that it will become involved in an accident, of course the owner, if it is damaged, may, without alleging the cause of the damage, call upon the bailee to explain the accident, but we have more than grave doubt as to whether the owner under such circumstances, may say to the third person that that third person must explain the accident because the owner could not be expected to know how the accident occurred. We think that the owner must call upon the bailee to give him all necessary information. In other words, we think that the doctrine of res ipsa loquitur has no application as against a third person. We, therefore, hold that the matter should be remanded to the Civil District Court for further proceedings and that there should be recovery in favor of plaintiff only if, under the allegations of the original and of the supplemental petition the plaintiff can produce evidence which will show negligence of the employee of the Semel Company as the proximate cause of the damage to his car.
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that the matter be and it is remanded to the Civil District Court for the Parish of Orleans for further proceedings consistent with the views herein expressed, and according to law.
Reversed and remanded.