LUTHER E. HALL, Judge pro tem.
Lawrence L. Pell, Sr., individually and as natural tutor of his minor son, Lawrence L. Pell, Jr., filed this suit against Mr. & Mrs. Oscar F. Landry, Jr., for damages for personal injuries received by young Pell in an accident on August 4, 1956 and for hospital and medical expenses in connection therewith.
The accident happened in the 800 block of Claiborne Drive which is located on the east side of the Mississippi River in Jefferson Parish. Claiborne Drive is a two-way paved street which runs in a northerly direction from the river towards the lake. The speed limit thereon is 20 miles per hour.
At approximately 5:45 P.M. on the day in question Mrs. Landry was driving the *654 family automobile north on Claiborne Drive in the direction of the lake. She was on a community mission at the time.
When she arrived in the 800 block of Claiborne Drive a collision occurred between Mrs. Landry’s automobile and a two-wheel bicycle ridden by young Pell which resulted in certain injuries to the boy consisting primarily of a fractured right leg and a fractured right arm. His bicycle was also damaged.
There were no witnesses to the accident except Mrs. Landry and the injured boy. The boy was approximately 7 years old at the time of the accident and on account of his age the parties to the litigation excused him from testifying. Consequently we have only the testimony of Mrs. Landry.
Mrs. Landry testified that at the time of the accident she was travelling between IS and 20 miles per hour in the right traffic lane observing all traffic regulations. It was still daylight and visibility was good. She stated that she was observing the street ahead and generally taking all precautions. She did not see the boy until just as the collision occurred. She immediately put on her brakes, turned her wheel to the left and stopped within a car’s length.
Mrs. Landry did not know from which direction the boy had come — whether from her left or her right because she did not see him before the impact. She testified that she had a clear view of the street and had he been in front of her or if he had approached from her left she was bound to have seen him in time to stop. She concluded that the boy must have come suddenly from the vicinity of the sidewalk on her right where her view was partially obscured by a tree and some bushes.
The question presented by this appeal is purely a factual one.
Plaintiff contends that young Pell came across the street from Mrs. Landry’s left. If so, Mrs. Landry by her own testimony could and should have seen him in time to stop before hitting him, and was therefore negligent in not doing so.
Plaintiff bases his contention solely on the fact that the boy’s injuries were confined entirely to his right side, and that the bicycle frame was dented on the right side.
Defendants contend that the boy came from Mrs. Landry’s right from the vicinity of the small tree and bushes growing between the sidewalk and the curb. Defendants base their contention on the fact that all damage to the car was on its right. This damage consisted of a broken right headlight, a large dent in the right side of the right fender over the right front wheel, and a small dent in the hood on the right side about a third of the way back from the grille.
After the accident the boy was found lying partly in the street and partly on the right hand curb about IS or 20 feet behind Mrs. Landry’s car.
There is nothing else in the record which would shed any light on where the boy came from.
Whether he came from Mrs. Landry’s left or from her right remains in the realm of conjecture and theory. We do not believe that the mere fact that the boy’s injuries were confined to his right leg and right arm is proof of the fact that the injuries resulted from the impact of the automobile as he approached from Mrs. Landry’s left. They may well have resulted from striking the pavement after being hit by the car as he approached from the right. Moreover, the damage to the automobile, particularly the dent in the right side of the right fender (the front of the fender being left intact) goes far to negative plaintiff’s theory.
Plaintiff bears the burden of proving that the accident occurred as the result of negligence on the part of defendant. Plaintiff has failed to sustain that *655 burden. We do not believe that the doctrine of res ipsa loquitur is applicable here. See Guiteau v. Southern Parking Co., Inc. et al, La.App., 49 So.2d 880.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.