REID, Judge.
This is a suit for damages brought by the Eula Realty Company, Inc. suing for damages to a 1965 Lincoln Continental, which is insured in the name of the Eula Realty Company, Inc. and by a Dalton A. LeBlanc appearing in his capacity as administrator of the estate of his minor child Vickie Joy LeBlanc who was driving the said 1965 Lincoln Continental. The suit is against Joseph C. Haydel, individually and as administrator of the estate of his minor child Connie T. Haydel, daughter of the said Joseph Haydel, and the Connecticut Fire Insurance Company, the insurer of the said Joseph C. Haydel. The Eula Realty Company brought suit for damages to the 1965 Lincoln in the amount of $3,200.00 while the plaintiff Dalton A. LeBlanc sued for $1,500.00 for the injuries to his said minor child. The defendants filed a general denial and also brought a third party action against the plaintiff, Mr. LeBlanc, insofar as the claim of the realty company was concerned because his daughter was on a mission for the company, and further alleged that the realty company was a fiction and that the Lincoln Continental belonged to the family of Mr. LeBlanc and that the negligence of Miss LeBlanc would bar recovery and further allege that Miss Le-Blanc was on a mission for the Realty company and her negligence would bar the recovery of the realty company. The trial judge found as a question of fact that both automobiles were traveling within the speed limit; that the Haydel automobile was traveling on a less favored street than was the LeBlanc vehicle; there being a stop sign on School Street which would require people traveling on the street upon which the Haydel vehicle was traveling to stop, but that due to heavy foliage covering the stop sign Miss Haydel did not stop her car and that therefore the Haydel car ran into the left front of the LeBlanc automobile, the LeBlanc automobile being on Liberty Street, the favored street.
The Court found as a question of fact that the failure of Miss Haydel to see the stop sign was the cause of the accident and that judgment should be rendered in plaintiff’s favor. Upon this basis the case was tried and the trial judge rendered a judgment in favor of the plaintiff, the realty company, in the amount of $617.35 being the amount necessary to restore the Lincoln Continental to its original condition, refused any claim for Miss LeBlanc for personal injuries on the basis that she was not hurt and not entitled to damages and dismissed the third party action.
The award of damages of $617.35 to the realty company was based on the proposition as stated above that that was the amount necessary to repair the car. The plaintiff admitted on the stand that he did not want, a repaired automobile, would not permit the car to be repaired, though it had travelled only approximately 1,127 miles when he traded it in on an identical make at an expense of $2,000.00 and although suing for apparently $3,200.00, actually in his brief on this appeal is claiming that the award for damages should be increased to *559 $2,000.00, the difference which Mr. LeBlanc had to pay for the car.
An examination of the record shows that the finding of fact by the trial judge in regard to the question of liability is eminently correct and there is no need in this court to go on into detail, because the record shows that the proximate cause of the accident was the failure of the driver of the Haydel vehicle to stop for a stop sign.
In regard to the question of damages the main argument revolves around the question as to whether or not the Eula Realty is entitled to $617.35, the amount necessary to restore the Lincoln Continental to its original condition or whether or not it is entitled to the sum of $2,000.00 the amount expended by Mr. LeBlanc in trading in this vehicle, the damaged vehicle, and obtaining a new car. The trial court was of the opinion that the proper award was not the difference in trade in value but the actual damage incurred. There is no question but what the facts clearly show that the car could have been repaired and could have been placed in the same condition as it was before. This testimony is borne out by both the testimony of a Mr. Phillip Facquet an automobile appraiser, who appraised the damage to the car for the Independent Appraisal Company and whose appraisal is filed in the record as D-l and who appraised the damage at $617.35 and who testified that if the repairs shown on his appraisal sheet had been made by a recognized dealer the condition of the car would have been the same as before. In addition, plaintiff’s witness Mr. Cole, who is the president of Bayou Motors, Inc., the Lincoln Continental, Mercury dealer who sold the car to the plaintiff, and whose company accepted the appraisal made by Mr. Facquet, testified on page 63 of the record, as follows :
“Q Would you tell me what the price of that appraisal is?
A $617.35.
Q Had you been permitted by Eula Realty Company to make those repairs itemized there and to put the new parts itemized there would this Continental have been in as good a condition as it was before the wreck?
A Yes.
Q Would there have been any difference between, now I’m going into detail on that — would there have been any difference in the way it looked?
A No, not as far as the looks.
Q Would the same car warranty have remained on that automobile following the repairs if Eula Realty had permitted you to make the repairs ?
A Yes.”
The record is also clear that Mr. LeBlanc did not want the car repaired in any circumstance as can be seen by both the testimony of Mr. Cole and Mr. LeBlanc, therefore the facts clearly show that the car could have been placed in the same condition that it was before it had been repaired. The question then resolves and is a matter of law whether the plaintiff, Eula Realty Company, is entitled to be paid the difference in the trade or merely pay for the amount necessary to put the car in the same condition it was before as held by the trial judge.
Council for plaintiffs cites the case of Vaccaro v. Favrot, 170 La. 483, 128 So. 284, 285 (1930). However, examination of the Favrot case clearly shows that the holding in that case applied to a situation where the car was so damaged that repairs would not have placed it in such good condition as it was before, and cited was Sherwood v. American Railway Express Co., 158 La. 43, 103 So. 436, 438 which stated that where repairs to a car would place the car in as good a condition as it was before the accident, that the value of the repairs was the correct measure for the damages. Both the Trial Judge and this *560 Court feel that the rule stated in the Sherwood case is the rule to be applied under the facts in this case and that the rule applied in the Vaccaro case is not applicable to the facts herein. We feel that the Trial Judge’s award in regard to the amount of damages awarded for the loss of the car is correct. In regard to the refusal of the Trial Judge to award the plaintiff damages for injuries to his minor child, the facts show she did not go to the hospital, was not treated, and apparently, other than her statement to her father that she was shaken up and inconvenienced and mostly upset, there is no evidence and no proof in the record that she suffered any physical injury.
Although plaintiff sued for $1,500.00, in the brief on appeal, he submits that the minor should be entitled to an award for the sum of $250.00 and.cites the case of Barnes v. Spikes, La.App., 148 So.2d 303, Jenkins v. Brignac, La.App., 146 So.2d 649, Olivier v. Transcontinental Ins. Co., La.App., 93 So. 2d 701. In the Barnes case the record shows that the plaintiff was not hospitalized and did not go to a doctor, she continued to work, she did refrain from labor, and the Court found that on this basis it was reasonable to award $150.00.
In the Jenkins case, there were minor damages and there was further evidence of medical treatment which was not the case here.
In the Olivier case, the plaintiff was two months pregnant; it was feared that it might be detrimental to the pregnancy; she was seen by a doctor; and found it necessary to remain in several days. Certainly in the Olivier case a woman who is pregnant would have mental anguish concerning whether or not the accident would affect the pregnancy, which is not the case here.
Regardless of the findings of those cases, the Trial Judge in- the case at issue clearly felt that the evidence did not sustain any finding that the plaintiff suffered any injury whatsoever and it cannot be said that this finding is erroneous.
For the above and foregoing reasons the judgment of the trial court is affirmed.
Affirmed.