### No. 3341

### Second Circuit

### MIDDLETON v. JORDAN

(March 12, 1929. Opinion and Decree.)

T. Overton Brooks, of Shreveport, attorney for plaintiff, appellant.

Cook, and Cook, of Shreveport, attorneys for defendant, appellee.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, John T. Middleton, for himself and for his minor son, John T. Middleton, Jr., sued defendant to recover damages for personal injuries suffered by the son and for the cost of medical attention to him and cost of repairs to an automobile belonging to plaintiff, which damages grew out of a collision between an automobile owned and being driven by defendant and an automobile owned by plaintiff and being driven by his son.

The collision occurred on the intersection of Alabama Avenue and Hardy Streets in the City of Shreveport, Louisiana, on December 15, 1927, and is alleged by plaintiff to have been caused by negligent driving of defendant's car.

Defendant denied the negligence charged and alleged that the accident was the result of negligent operation of plaintiff's car by his son.

On these issues the case was tried and there was judgment rejecting plaintiff's demands and dismissing his suit and he has appealed.

## OPINION.

The issue to be determined in this case is one of fact, namely, to whose fault was the collision attributable, that of defendant or that of plaintiff's son?

In actions of this character the burden is on the plaintiff to make out his case by a fair preponderance of the evidence. In this case the only eye-witnesses to the collision were the occupants of the colliding cars and their evidence is conflicting.

The testimony of John T. Middleton, Junior, and Floyd Bunk, called as witnesses for plaintiff, is to the effect that plaintiff's car reached the intersection first, that it was being driven at a speed of about fifteen miles an hour, and that defendant's car was moving at a speed of 40 to 60 miles an hour; while defendant testifies that his car was the first to reach the intersection, that it was moving at a speed of about fifteen miles an hour, and that plaintiff's car was being driven at a speed of fifty miles an hour.

Where automobiles moving at right angles to each other approach an intersection of streets the one reaching there first has the right of way and the other should respect that right and failure to do so is negligence.

Spainhour vs. Dulaney, 4 La. App. 552.

The physical facts and other evidence satisfies us that defendant's car was the first to reach the intersection and that it was being driven at about fifteen miles an hour. Defendant saw plaintiff's car on Hardy Street eighty to ninety feet away and having the right of way drove into the intersection. Plaintiff's car was moving at a high speed, and when defendant realized that a collision was impending he endeavored to avert it by swerving his car to the left and in doing so struck plaintiff's car on its back end, and plaintiff's car after being struck continued on in the direction it was going until it struck the curb on the east side of Alabama

Avenue and there turned over one or more times.

In our opinion had plaintiff's car been moving at a moderate speed and defendant's at a high speed, as claimed by plaintiff, the impact of the cars would have caused plaintiff's car to move in a different direction from that in which it was going and would have damaged it more than it did.

Both John T. Middleton, Junior, and Floyd Bunk testified that plaintiff's car reached the intersection first and that they both looked to the right and left for approaching vehicles and that they could not see over from twenty to thirty feet up or down Alabama Avenue, and that defendant was driving on his left hand side of Alabama Avenue and that they could not see him when their car reached the intersection. Had they looked to the left when they reached Alabama Avenue and if as they say defendant's car was coming south on the east side of Alabama Avenue, we cannot understand why they could not have seen defendant's car anywhere in the block north of Hardy Street as there was nothing to prevent their seeing it; and yet they testify they did not see it until it was within forty to sixty feet of them.

We do not think the testimony of these two witnesses sufficient to overcome the testimony of the defendant, corroborated, as we think it is, by the physical facts.

The trial judge who saw and heard the witnesses testify was of the opinion that plaintiff had failed to make out his case. That finding of fact is correct. It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.