## No. 664

### First Circuit

___

## CHENEVERT v. KIMBALL

___

(June 30, 1930.   Opinion and Decree.)

___

B. R. Miller, of Baton Rouge, attorney for plaintiff, appellee.

Jas. D. Womack, of Baton Rouge, attorney for defendant, appellant.

MOUTON, J.   September 21, 1929, Mrs. Flossie Chenevert, wife of the plaintiff, was driving an auto which collided at the intersection of Gayosa and North Eighteenth street in the city of Baton Rouge with a car defendant was driving. North Eighteenth street runs north and south; Gayosa street east and west through the city of Baton Rouge, crossing each other at right angles, thus forming the intersection where the collision occurred.

Defendant was traveling northward at the time, and Mrs. Chenevert was going westward. She testifies that, as she approached the intersection, she stopped her car, gave the usual signal, and saw the car of defendant, then a block away, turning from the corner of North street into North Eighteenth street coming towards the intersection, and at a lively rate of speed, according to her testimony. She says, judging the distance at which defendant's car was at that time, she assumed she had all the time she needed to pass ahead of his car, but that, when she got in the center of the intersection, defendant was coming so fast, that she accelerated her speed to get out of his way, but without avail, and that her car was run into by defendant's auto.

The version of the accident given by defendant is altogether· different. He says they reached the intersection of Gayosa and North Eighteenth streets practically at the same time; that he blew his horn; that he looked towards the other end of the street to see if any cars were coming from that direction, but, as he ·turned his eyes in the direction he was traveling, Mrs. Chenevert drove suddenly in front of his car; and that, though he did all in his power to avoid the collision, he unavoidably ran against the front door of her car. His testimony is that he was then traveling at about twelve or fourteen miles an hour.

In the first statement made by Mrs. Chenevert in reference to the part of the intersection where she said her car was struck, she said that her car was then about two or three feet beyond the middle of the intersection, but she thereafter corrected herself and explained that she meant two or three feet beyond the intersection.

Mr. Efferson and Mrs. Cox, who were in ·the immediate vicinity of the intersection and heard the crash caused by the impact of the cars, went immediately to the scene, and both testified in reference to the position of plaintiff's car after the accident.

They both say that it was clear across North Eighteenth street, and beyond the intersection, facing west on Gayosa street. Mr. Efferson says that half of Mrs. Chenevert's car was on the sidewalk, with the back wheels on Gayosa street. The position of Mrs. Chenevert's car after the collision indicates that she was struck after she passed the center of the intersection where she testifies· she had "speeded up"

when she saw defendant's car, at the rate it was moving, would run into her car.

Her version of the occurrence is sustained by the physical facts of the case, to which we have referred, and shows that she entered the intersection before defendant got to it, and in fact had passed the center before she was struck by the other car.

It is true that defendant was traveling on a right of way street, but, as Mrs. Chenevert entered the intersection first, defendant should have respected her right, and allowed her to proceed. Pope vs. Locascio et al., 13 La. App. 304, 126 So. 728; Middleton vs. Jordan, 10 La. App. 189, 120 So. 668; Marshall vs. Freeman, 10 La. App. 12, 120 So. 414.

Poirrier, witness for defendant, testifies that just prior to the accident, defendant passed ahead of him on North Eighteenth street while going towards the intersection. He says defendant passed ahead of his car, which was going at the time about fifteen miles an hour, and ran ahead of him about four hundred feet. Counsel for defendant points out that his witness must have been in error in this .respect, as the block from the corner of North street to the intersection was only three hundred feet in length. Counsel's statement is true as to the length of the block, but, though his witness was mistaken in reference to the distance defendant's car had gone ahead of him, the fact remains, however, that he had left Poirrier's car far behind, and must therefore have been moving at an extremely lively rate of speed.

We believe he was, and which we think accounts for his running into the other car, for which he was correctly held in damages for the amount decreed.