The plaintiff, William Pender, brought this suit against the defendant to recover in his own behalf the sum of $503, and the further sum of $230 in behalf of his minor son, William Francis Pender; the damage sought by the plaintiff for himself being for damage to his Pontiac two-door coach automobile and wrecking service resulting from a collision with defendant's car at the intersection of Wisteria Street and Oak Drive in the City of Baton Rouge on March 14, 1941, around 10:30 P.M., and the damage which he seeks to recover for his minor son is for personal injuries and shock which the latter is alleged to have received in the collision. The defendant also filed a reconventional demand for damages to his car. The case is before this court on an appeal by the plaintiff from a judgment which rejected his demands. The reconventional demand of the defendant was also rejected.
It is alleged in the petition and the evidence shows that young Pender was driving his father's car east on Wisteria Street with a young lady whom he was taking home from an entertainment which they attended, and the car he was driving was struck on its left side near the front door by a Buick car driven by the defendant from the north on Oak Drive at the intersection of the two streets. As usual, both drivers contend that the negligence of the other was the cause of the accident.
Wisteria Street is a right-of-way street and is about 30 feet wide up to its intersection with Oak Drive from the west and is 24 feet wide east of the intersection. Oak Drive is a narrow street some 18 feet wide. Young Pender testified that he *Page 106 
stopped at Camelia Avenue, a block west of Oak Drive, and then proceeded east on Wisteria Street at a speed of about 25 miles per hour on his right side of the street, and after he had entered the intersection at Oak Drive, the flash of a light from defendant's car coming from the left suddenly appeared, and this car ran into the left side of his car, striking it on the left door; that his car continued on the right side of the street from 50 to 55 feet, turned over and came to rest against a tree on the south side of Wisteria Street, the other car stopping in the intersection. He was in the center of the intersection when he saw the flash of the light from the other car, and the impact took place instantly and just a little beyond the center of the intersection. His view to his left up Oak Drive was obstructed by a house and some trees on the corner and a parked car. He says he was looking straight ahead and to his right and his left as he entered the intersection.
The young lady in the car with Pender could not give much light on the occurrence. It appears that she has filed a suit against both Bonfanti and Pender for damages on account of personal injuries which she received in the accident, and that fact might have been the reason for her apparent hesitancy in giving more definite statements as to the occurrence. She says that she had her head turned toward a friend's house just before the collision and did not see the other car until just before the impact; that they were about in the center of the intersection when she saw the flash of the lights from the other car. As to Pender's speed she said he was not doing any extremely fast driving. She does say that he was driving to the right of the center of the street and the other car struck the Pender car on its left side.
A policeman visited the scene of the accident shortly after it occurred and found skid marks showing that the defendant's car skidded for about five paces up to the point of the impact, the marks beginning five paces (15 feet) north of the intersection on Oak Drive. The signs on the Pender car showed that it had been struck near the center on the left side, and the Bonfanti car was damaged on its right front side, this car having been swung around to its left about four feet in front, facing southeast. The impact occurred near the center of the intersection.
A young man, Harry Heroman, was sitting with his girl in a car parked on the east side of Oak Drive a little over a half block north of the scene of the accident, and he testified that he saw the defendant turn left into Oak Drive from Government Street; that his car had only one light and the brakes squealed as he made the turn; that he pulled his car so far to the left it was necessary for him to pull it back to the right to avoid striking the car in which he and his girl were sitting; that the defendant was traveling around 20 miles per hour when he passed him.
Defendant's version of the accident, in substance, is as follows: He turned into Oak Drive from Government Street going south and proceeded down the center of Oak Drive at a speed of about 15 miles per hour; when he reached the intersection at Wisteria Street, he slowed down and put his car in second, looked both ways and did not see any other car coming; he then went on into the intersection and when he got near the center, he saw the other car coming at a speed which he placed at 40 to 45 miles per hour; he stopped his car immediately in the center of the street to let the other car pass; when the other car got near to his car, it turned to the right and hit the right front of his car and knocked it three or four feet to the left, and then went on 50 or 60 feet and turned over against a tree; he could see to his right on Wisteria Street about 100 feet as he entered the intersection, but saw no car coming. He did not see the Pender car until it was within 19 or 20 feet of him and he was near the middle of the intersection.
A witness who was in the car with defendant at the time of the accident gave substantially the same account of the occurrence as did the defendant.
There can be no question as to the negligence of the defendant. He admits that he did not see Pender coming on the right-of-way street, although he says he could see down that street to his right about a hundred feet as he approached the intersection without keeping a proper lookout and at all excessive speed considering the fact that he was driving on a narrow street into a wide right-of-way street. The proof shows that he skidded his car for several feet before entering the intersection and continued to skid up to the point of the impact. It is obvious from the physical facts as well as the oral testimony that the right front of his car struck the *Page 107 
left side of the Pender car after the latter had passed the center of the intersection. The theory of defendant that he had come to a stop in the middle of the street and his car was struck on its right front by the left side of the Pender car as the latter car was pulled to the right is not plausible or reasonable.
The only serious question in the case is whether or not young Pender was guilty of such contributory negligence as to bar his recovery and that of his father. He admits that he was going about 25 miles per hour as he approached the intersection and did not slow down his speed. Both he and the young lady in the car with him testified that he came to a complete stop at Camelia Avenue, only a block away, and it is hardly likely that he picked up speed of 40 or 45 miles per hour in going only one block before crossing the intersection where the collision occurred. We cannot say that his speed of 25 miles per hour was excessive as he was on a right-of-way street and had a right to assume that a driver entering the intersection from the narrow street to his left would stop before entering the intersection and look for approaching traffic as he is required to do under city ordinance. The fact that Pender did not see the Bonfanti car until a moment before it struck the side of his car does not necessarily show negligence on the part of Pender, and if it was negligence, such negligence was not a proximate cause of the accident.
The fact that defendant's car skidded for some fifteen feet indicated that it was going as fast, if not faster, than the Pender car, and as the Pender car had gotten further into the intersection than defendant's car at the time of the impact, it is obvious that the Pender car entered the intersection first and had a right to proceed across, particularly in view of the fact that it was on a right-of-way street.
Where a motorist proceeding at a moderate speed on a right-of-way street enters an intersection first, and his car is struck on its side by another car after it has proceeded more than half way across the intersection, the driver of the other car is prima facie negligent, and it then devolves on him to show that some act of negligence of such motorist was a proximate cause of the accident.
It was agreed between counsel that the Pender car was worth $450 before the accident, and Pender testified that he got $95 for it as a credit in a trade for another second hand car. His loss is therefore fixed at $355, plus a towing charge of $3. Young Pender received only a few minor bruises and a shock. He went to see a doctor one time and was sore and stiff for a few days. We think an award of $100 will sufficiently compensate him for his injuries.
For the reasons assigned it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered that the plaintiff, William Pender, have and recover judgment against the defendant, Steve Bonfanti, in his own behalf in the full sum of $358, with legal interest thereon from judicial demand until paid; that he have and recover further judgment against said defendant for and on behalf of his minor son, William Francis Pender, in the sum of $100 with legal interest thereon from judicial demand until paid, and for all cost of the suit in both courts.