Plaintiff sues to recover for personal injuries and damages to her automobile sustained in an intersectional collision which occurred in the City of Shreveport at about 7:30 a.m., April 14, 1943.
Plaintiff was driving her Pontiac automobile in a westerly direction on Ockley Drive, and, as she was crossing the intersection with Anniston Street, her car was struck broadside by the car owned and driven by defendant. Plaintiff was slightly injured, sustaining a cut in the scalp and bruises about the legs. Repairs of the damages to her car amounted to the sum of $100.54, 'and plaintiff claimed damages for personal injuries in an amount of $399.46, bringing her total claim to the exact sum of $500, being within the jurisdiction of the City Court of Shreveport, in which tribunal trial' was had. After trial, there was judgment in favor of plaintiff in the sum of $200.45, and, while the allocation of the amount was not set forth in the judgment, and no written reasons for judgment are included in the record, it is evident that the Court allowed the full amount of necessary repairs to the car and fixed the damages for personal injuries at $100. From this judgment, defendant has appealed, and plaintiff has answered the appeal, praying for an increase in the amount awarded for personal injuries. In the answer to the appeal, plaintiff further claims that defendant's appeal is frivolous, and prays for damages therefor.
[1, 2] Plaintiff-appellee is shut off from any consideration of a claim for damages on the ground of a frivolous appeal by having answered the appeal taken by defendant. An answer to an appeal is, in reality, a character of cross-appeal, in which an appellee takes advantage of an appeal entered and perfected by an appellant in the hope of procuring an alteration *Page 107 
or amendment of the judgment rendered in a manner beneficial to the appellee. It logically follows that one should not be permitted to claim the dismissal of appeal on the ground of frivolity, together with damages therefor, and, at the same time, seek a favorable amendment of the judgment rendered, at the hands of the appellate court. Such a procedure is both inconsistent and inequitable, and, for these reasons, this Court will not consider appellee's claim based on the charge of frivolity.
[3] The facts show that at the time of the accident both cars were traveling at a moderate rate of speed. The point is made on behalf of defendant that Anniston Street, along which defendant was proceeding, is a favored street, under traffic ordinances of the City of Shreveport, over Ockley Drive, which was the thoroughfare being used by plaintiff. However, it is well established that if plaintiff first entered and pre-empted the intersection, defendant thereby lost the benefits granted under such a municipal statute, and responsibility thereupon devolved upon him to take such precautions as might be necessary to avoid a collision with the pre-empting vehicle. Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., vol. 2, § 991, et seq.; Hutto v. Arbour, La. App.,4 So.2d 84; Gardiner v. Travelers Indemnity Company, La. App.,11 So.2d 61.
[4] We think there is no question from the testimony developed on trial of the case that Miss Ferris, the plaintiff, entered the intersection at a speed of approximately 20 miles per hour, and had negotiated almost half the distance across such intersection before being struck by defendant's car, which was traveling at approximately the same rate of speed. Plaintiff saw defendant's car approaching the intersection, but we think it is clear that defendant did not perceive the approach of plaintiff's automobile. In fact, it is evident that defendant was not maintaining a proper lookout, for it is established that he did not see plaintiff's car until his attention was called to its presence by an exclamation of caution from a passenger.
The testimony is a little vague as to just what attempt defendant made, or could make, to avoid the collision, but, aside from his testimony that he immediately applied his brakes, there is no evidence that he made any other effort.
Plaintiff's story of the accident is substantially corroborated by her sister, who was a passenger in the car, and by the testimony of other witnesses, who happened upon the scene of the accident shortly after its occurrence, as to the position of the cars and other physical facts.
There is some testimony to the effect that at the time of the accident defendant admitted he was at fault, and offered to take care of plaintiff's damages. While this admission and offer is not borne out by a preponderance of the testimony, it is established by the testimony of defendant himself that, while he did not admit his fault, he did promise to pay for repairing the car if plaintiff would take it to a certain motor company, where he estimated the damages could be repaired for between $15 and $35.
In his testimony defendant several times stated that he did not know exactly how the accident happened, and that he did not see plaintiff's car until his companion called his attention to its presence.
We find that defendant's negligence is definitely established as the proximate cause of the accident, and, since there is no showing of contributory negligence on the part of plaintiff, there is no question as to the correctness of the judgment of the lower Court.
[5] On the question of the quantum of damages allowed to plaintiff, the testimony of the attending physician shows that her injuries were superficial, consisting of a small scalp wound, which it was necessary to close by two stitches, and some small bruises on the legs. There is no evidence that plaintiff suffered to any great extent there was no infection of the wound, and the stitches were removed nine days after the accident. Nor is there any evidence of any loss of wages, or, indeed, of any financial detriment of any kind suffered by plaintiff. Under the circumstances, we do not find that the amount allowed was either inadequate or excessive.
For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost. *Page 108