The plaintiff brought this suit against F.D. Courtney and his insurer, Western Casualty Surety Company, to recover damages in the total sum of $3,236.30. His claim is made up of damages arising from physical injuries, medical expenses and loss of time, which he claims resulted from an accident which occurred in the afternoon of October 31, 1945, in the City of Baton Rouge when a truck in which he was riding as a passenger collided with a truck driven by an employee of the defendant Courtney.
Plaintiff was riding in a truck owned by D.C. Hall, which truck was being driven by an employee of Hall by the name of Font. Plaintiff and Font, both employees of Hall, were on a mission for their employer delivering merchandise. Plaintiff was sitting on the seat by the side of Font, the driver, and they were traveling in a southerly direction on St. Phillip Street, which street is about 30 feet wide. The Courtney truck, driven by Elzy Scott, was traveling east on Europe Street, which street is about 33 feet wide where it intersects St. Phillip Street on the west and narrows down to about 28 feet in width at the east end of the intersection.
The plaintiff contends that Scott, the driver of the Courtney truck, was negligent in failing to slow down for the intersection; failing to look and see the Hall *Page 926 
truck up St. Phillip Street, and in driving at an excessive rate of speed. Plaintiff alleges further that the truck in which he was riding entered the intersection first, and in the alternative, if it be found that both trucks entered the intersection about the same time, then and in that event, the said Scott was negligent in not yielding the right of way to the truck in which plaintiff was riding.
The defense is that Scott was not guilty of any negligence, but that the accident was caused solely by the negligence of the driver of the truck in which plaintiff was riding in running into the Courtney truck after it had entered and was crossing the intersection. As an alternative plea, defendants charged contributory negligence to plaintiff in that he failed to see the Courtney truck as it approached the intersection, and if he did see it, he failed to warn the driver of its approach.
The trial judge for oral reasons assigned decided the case in favor of the defendants and dismissed plaintiff's suit. Plaintiff has appealed.
There are few disputed facts in this case, and the facts which are disputed are unimportant and have no direct relation to the proximate cause of the accident. The Courtney truck (which will be hereafter referred to as the log truck) had an overall length of nearly 27 feet from the front bumper to the end of the pipe extending back of the trailer. The other truck (hereafter called the Hall truck) was a 1 1/2 ton truck and had an overall length of a little over 21 feet.
The preponderance of the evidence shows that the front part of the log truck had passed the east boundary of the intersection a few feet and was traveling on its right, or the south side of the intersection when it was struck by the front part of the Hall truck on the rear wheels of the truck-tractor part of the log truck, that is to say near where the trailer was attached to the pulling part of the log truck. The collision took place in the southeast quarter of the intersection about 9 feet from the southeast corner.
The testimony shows that both trucks did not move, or moved very little after the impact. Two policemen arrived on the scene shortly after the accident and made measurements relative to the position of the trucks, the point of the impact, and the width of the intersection. One of these policemen testified that the rear of the log truck was near the center of St. Phillip Street, and the other policeman testified that only the pipe of the trailer on the log truck extended back beyond the center of St. Phillip Street. Both policemen testified that traffic could pass to the rear and west of the log truck on this street. As the overall length of this log truck was almost the width of St. Phillip Street, it is obvious that the front part of this log truck extended several feet east of the east line of the intersection.
Therefore, as it is clearly shown that the front part of the Hall truck struck this log truck broadside in the southeast corner of the intersection, the log truck must have entered the intersection first as the front part of that truck traveled 30 feet across St. Phillip Street, plus several more feet beyond the intersection before it was struck on its left side by the Hall truck. The front part of the Hall truck traveled much less than 30 feet after it entered the intersection. There is no evidence to show that the log truck was traveling at an excessive speed, the driver testifying that he approached the intersection at about 15 miles per hour and slowed down to about 12 miles per hour as he crossed the intersection. The Hall truck was traveling at least as fast, if not much faster, than the log truck.
Plaintiff's own testimony shows that the log truck entered the intersection first. He testified that he was checking some tickets while his fellow employee was driving down St. Phillip Street about 15 miles per hour; that he did not see the other truck until just before the collision; that just as they were getting into the intersection, he saw Font's foot go on the brakes just before he looked up, and did not see the other truck until he was about three yards from it; that the other truck was in front of them as they were entering the intersection. If the log truck was in front of them when the Hall truck entered the intersection, the log truck must have entered the intersection first. *Page 927 
[1, 2] Under the facts above related, it is clear that plaintiff has tailed to prove any negligence on the part of the driver of the log truck. Counsel for plaintiff contends that the driver of the log truck was negligent in failing to see the Hall truck approaching from his left on St. Phillip Street. It is true that Scott testified that he did not see the Hall truck until just before the collision; that he looked to his left when about 20 feet from the intersection and did not see anything although there was no obstruction to prevent him from seeing up St. Phillip Street for approximately 100 feet. Assuming that Scott was guilty of negligence in failing to see the Hall truck approaching from his left, such negligence was not a proximate cause of the accident. As already stated, he entered the intersection first and was proceeding across when the other truck entered the intersection and struck the log truck broadside after it had gone more than half the distance across the intersection. Had Scott looked to his left, he would have been safe in assuming that he had a right to enter the intersection and make the crossing as the Hall truck was some distance from the intersection at the time he approached and entered it.
[3] As we said in the case of Hutto et al. v. Arbour et al.,4 So.2d 84, where a motorist approaches an intersection at a moderate rate of speed and proceeds across, and his automobile is struck by another automobile on its side after the motorist has proceeded more than half the distance across the intersection, such motorist cannot be charged with negligence as he has a right to proceed across regardless of which street is given the right of way either by a city ordinance or a state law.
Finding no error in the judgment appealed from, the same is hereby affirmed.
 *Page 46