50 So.2d 321 (1951)
GAUTHIER et al.
v.
FOGLEMAN.
No. 3331.
Court of Appeal of Louisiana, First Circuit.
February 8, 1951.
H. Purvis Carmouche, Crowley, for appellants.
Bruner, Mayeux & Landry, Crowley, for appellee.
DOR É, Judge.
This suit arises out of an intersectional collision which occurred on January 21, 1949, at about 10:50 A.M. at the intersection *322 of Avenue H and 4th Street in the City of Crowley between a 1948 Packard automobile owned by plaintiff, Lance I. Gauthier, being driven by his wife, Olive Bourque Gauthier, the other plaintiff, and a 1947 Ford automobile owned by defendant, Jake M. Fogleman, and being driven with his knowledge and consent by his minor son, Lyle O. Fogleman.
It is shown that both streets are paved and that 4th Street on which the Fogleman automobile was traveling is a right of way street over Avenue H by reason of a city ordinance and that the Fogleman automobile had the right of way also because of the fact that the Gauthier automobile was approaching from the right of the Fogleman car. It is further shown that there is a stop sign on the south side of Avenue H at 4th Street. The plaintiff, Mrs. Gauthier, alleges that when she arrived at the intersection she stopped her car and looked both ways and saw the Fogleman automobile to her right at about a distance of a half a block and that feeling that she had plenty of time to negotiate the intersection, she proceeded at about nine (9) miles per hour and that after she had partially passed the middle of the intersection the Fogleman automobile struck her car a violent blow on its right hand side. The plaintiffs allege that the collision and resulting damages were caused entirely by the gross negligence of defendant's son and pray for judgment on behalf of Mr. Gauthier as head of the community in the sum of $1377.17 for damage to the automobile, plus $34.00 for medical expenses in the treatment of Mrs. Gauthier for injuries resulting in the accident and on behalf of Mrs. Gauthier for $750.00, to cover her personal injuries.
The defendant pleads gross negligence on the part of Mrs. Gauthier, in failing to respect the right of way of the Fogleman automobile, and, in the event that negligence on the part of young Fogleman should be found to be a proximate cause of the collision, then in the alternative defendant pleads that Mrs. Gauthier was also guilty of negligence which was a contributing proximate cause of the collision and that because of said contributing negligence the plaintiffs are barred from recovery.
After trial of the case the trial judge rendered judgment in favor of plaintiff, Mr. Gauthier, in the sum of $1343.17 for damage to the automobile and in the further sum of $34.00 for medical expenses, and in favor of plaintiff Mrs. Gauthier in the sum of $150.00 for the shock, pain and suffering which she experienced in the accident.
The defendant has perfected a suspensive appeal to this court.
The Judge ad hoc has favored us with very well considered and well written reasons for the judgment from which we quote the following:
"The collision occurred at the intersection of Avenue H and 4th. Street in the City of Crowley. Avenue H runs north and south and 4th. Street, which is a right of way street, runs east and west. There were no witnesses to the accident other than Mrs. Gauthier, the driver of the Packard automobile, and Lyle O. Fogleman, the driver of the Ford automobile, and the testimony discloses that there was a slight drizzle falling at the time of the accident. There is a stop sign in the center of Avenue H where it intersects the south side of 4th. Street. Mrs. Gauthier was driving north on Avenue H in her right hand lane of traffic and she testified that as she approached the intersection of Avenue H and 4th. Street, she came to a complete stop, looked in both directions and saw the Fogleman automobile approaching the intersection from the east about ½ block away and that after ascertaining that the Ford automobile was a sufficient distance from Avenue H to permit her to cross in safety, she proceeded to cross the intersection. Avenue H and 4th. Street are paved with concrete. When the Gauthier automobile had practically crossed the intersection and was approximately 4 feet north of the center line of 4th. Street and in the northeast quadrant of the intersection, it was struck on the right front door or at about the middle of the automobile, and came to a stop against the curb near the sidewalk on the northwest corner of the intersection about 27 feet from the point of impact.
"Lyle O. Fogleman testified that he was driving about 20 or 25 miles per hour and *323 stated that as he approached the intersection he saw the Gauthier automobile when it was from 75 to 80 feet from the intersection and that when he was approximately 60 or 65 feet from the intersection he removed his foot from the accelerator and placed it on the brake pedal and that he applied his brakes firmly when he was about 40 feet from the intersection at which time the Gauthier automobile was very close to the intersection, about 10 feet away.
"As there were no witnesses to the accident it becomes necessary to rely to a great extent upon the physical facts. The police Report, designated as "P-1" shows that the skid marks left on the pavement by the Fogleman automobile commence a distance of approximately 40 feet from the intersection and end in the northeast quadrant of the intersection where the Packard automobile was struck. From the point where the skid marks left by the Ford car ended the report shows skid marks left by the Gauthier automobile indicating that it had been shoved in a northwesterly direction a distance of approximately 27 feet, all of which clearly indicates that Mrs. Gauthier had cleared the center of the intersection at the time her automobile was struck on its right side by the Ford car. The diagram further shows that there were no brake marks or skid marks from the Packard automobile prior to its entering the intersection or while it was in the intersection, which clearly indicates that Mrs. Gauthier either stopped prior to entering the intersection or entered it very slowly. Her car was in second gear immediately after the collision and she testified that while she was crossing the intersection she was in second gear and proceeding 8 or 9 miles an hour.
"From the evidence in the record and the police report, there is no doubt in my mind but that the Ford car was traveling at a rate of speed far in excess of 25 miles per hour, otherwise he would have been able to have brought his automobile to a complete stop before arriving at the intersection, and that the accident was due solely to the negligence of Lyle O. Fogleman in driving at an excessive rate of speed under the circumstances, not keeping a proper lookout and failing to respect the right of way to which the Gauthier automobile was entitled as a result of having pre-empted the intersection. Furthermore his own testimony shows that he applied his brakes firmly at a distance of 40 feet from the intersection and skidded approximately 40 feet.
"It is well settled that where a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection has the right to proceed, having the right of way over any automobile approaching at right angles and that the driver who does not respect the legal right of the automobile which first entered the intersection to proceed through the intersection in safety, is negligent, even though the car entering the intersection secondly in point of time is being driven on a right of way street. Grouchy v. Globe Furniture Company Ltd., 16 La.App. 311, 134 So. 347. Middleton v. Jordan, 10 La.App. 189, 120 So. 668. Marshall v. Freeman, 10 La.App. 12, 120 So. 414. Gardiner v. Travelers Indemnity Company, La.App. 11 So.2d 61. Phares v. Courtney, La.App. 27 So.2d 925. Ferris v. Guinn, La.App., 21 So.2d 106. Hutto v. Arbour, La.App., 4 So.2d 84. Drake v. Crowley Yellow Cab Company, Inc., La.App., 41 So.2d 533.
"It is also well settled that the driver of a vehicle approaching an intersection is entitled to assume that another automobile approaching on the other street will do so at a moderate rate of speed, and will observe the regulations and ordinances with reference to speed. White v. Neff, La.App., 11 So.2d 289, Fulmer v. United States Fidelity & Guaranty Company, La.App., 5 So. 2d 923.
"While it is true that a motorist should stop before entering a right of way street and carefully observe the traffic conditions on the right of way street and make no entry thereon unless conditions warrant it, the Court believes that under the facts in this case Mrs. Gauthier was justified in entering the right of way street because she would have had plenty of time to have *324 negotiated the intersection had the Ford automobile been traveling at a reasonable rate of speed. A right of way is not a right of pre-emption and vehicles traveling on a favored street may not disregard the rights of other vehicles by undue insistence upon that right. Bethancourt v. Bayhi, La.App., 141 So. 111.
"The Court is of the opinion that Mrs. Gauthier was entirely justified in attempting to cross the intersection at the time that she did, when the Ford automobile was about ½ a city block distant or at least not closer than 60 or 70 feet from the intersection. She was not required to wait before attempting to cross until there was no vehicle in sight on the right of way street and it was only necessary that it should appear that there was a reasonably safe opportunity to cross. Her action in crossing the intersection must be considered in light of the surrounding circumstances, and, if the Ford automobile, which was on a favored street, was at such a distance from the intersection as would suggest to the mind of a reasonably prudent person that the crossing might be undertaken without danger of collision, she was justified in doing so. Bethancourt v. Bayhi, La.App., 141 So. 111, Richard v. Canning, La.App., 158 So. 598, Wilson v. New Amsterdam Casualty Company, La.App., 180 So. 870, Sweeney v. New Orleans Public Service, La.App., 184 So. 740, Hamilton v. Lee, La.App., 144 So. 249, Fisher v. Levin, 16 La.App. 367, 134 So. 439, Coleman v. New Orleans Public Service, La.App., 177 So. 103, Stuckey v. Hayden, La.App., 3 So. 2d 443, Hutto v. Arbour, La.App., 4 So.2d 84, Phares v. Courtney, La.App., 27 So.2d 925, Ferris v. Quinn, La.App., 21 So.2d 106.
"The Court in this case finds that Mrs. Gauthier was free from any negligence and that the sole, direct and proximate cause of the accident was the negligence of Lyle O. Fogleman, the driver of the Fogleman automobile.
"Having reached this conclusion, the next question presented is the question of damages. The record shows that the Packard automobile owned by Lance I. Gauthier was a 1948 Packard and at the time of the accident was approximately 8 months old and had been driven less than 5,000 miles. Clyde Horn of Horn Motor Company, Packard dealers, testified that the car could not be repaired so that it would be in the same or as good condition as it was before it was wrecked and the the same thing applies to the testimony of Ludger Bossley, an automobile mechanic of this City. Gauthier has asked for damages to his automobile in the sum of One Thousand Three Hundred Forty-three and 17/100 ($1,343.17) Dollars, being the difference between the value of the car at the time of the accident less the amount which he received from the sale of the car in its damaged condition. He should be awarded that amount. Ayres v. Wyatt, La.App., 185 So. 84, Pender v. Bonfanti, La.App., 13 So.2d 105, Vaccaro v. Favrot, 170 La. 483, 128 So. 284.
"Mr. Gauthier should also be awarded damages for medical bills in the sum of Thirty-four and No/100 ($34.00) Dollars representing the amount which he paid to Dr. S. R. Henry, $12.00 and the amount which he paid to Dr. J. W. Faulk, $22.00.
"Mrs. Gauthier has claimed Seven Hundred Fifty and No/100 ($750.00) Dollars for injuries, shock, pain and suffering. The record does not disclose that Mrs. Gauthier was injured and the Court believes that an award of One-Hundred Fifty and No/100 ($150.00) Dollars for the shock, pain and suffering plaintiff experienced will be sufficient. Ayers v. Wyatt, La.App., 185 So. 84."
After a thorough review of the record we find that we are in accord with the conclusions of the trial judge, except in one minor detail. He states in the above quoted opinion that "Mrs. Gauthier was entirely justified to cross the intersection at the time that she did, when the Ford automobile was about half a city block distant or at least not closer than 60 or 70 feet from the intersection." From the evidence we are convinced that the defendant's Ford automobile was about one-half (½) a city block distant at the time Mrs. Gautheir entered the intersection.
*325 We of course agree with the main conclusions of fact that she was justified in entering the intersection and we are in entire agreement with the trial judge both on the question of liability and the quantum of damages. It is therefore decreed that the judgment be affirmed.