FRUGÉ, Judge ad hoc.
Defendants appeal from a judgment awarding plaintiff $1,325 damages and $1,-500 personal injuries for the use and benefit of his minor daughter resulting from an auto collision. Plaintiffs have answered the appeal seeking to raise the awards in both instances.
The amounts which the plaintiff seeks to recover are alleged to be damages suffered as a result of a collision of the 1956 Pontiac car owned by the plaintiff and b^ng at the time driven by his daughter, Betty Jean Enga, and a truck of Southern Bell Telephone and Telegraph Company being driven by its employee, Thomas C. Shaw. The accident occurred at the intersection of Seventh Street which runs in a north and south direction, and Avenue I which runs in an east and west direction, both within the corporate limits of the Town of Kent-wood.
Plaintiff alleges that the accident occurred through the negligence of Thomas C. Shaw, the alleged acts of negligence being set forth in Paragraph 7 of the petition. The defendants deny any acts of negligence on the part of Thomas C. Shaw and in Article 7 of the answer set forth various acts of negligence on the part of Betty Jean Enga. Defendants further plead that in any event Betty Jean Enga had the last clear chance of avoiding the accident and having failed to exercise such chance is for that reason guilty of negligence on her part. Defendants further plead, in the alternative, contributory negligence by Betty Jean Enga.
Defendant Southern Bell Telephone and Telegraph Company in reconvention seeks to recover from the plaintiff the sum of $700 representing the cost of repairs on the Telephone Company truck, and the further sum of $85 being the amount paid by the company for the medical attention required by its employee. Defendant Thomas C. Shaw by reconventional demand, seeks to recover the sum of $10,000 for the pain, suffering, shock and mental anguish caused by the accident which resulted from the negligence of Betty Jean Enga.
The lower court after trial of this matter first rendered a judgment awarding the plaintiff the sum of $1,200, being the cost of the repair of the automobile determined by averaging the two estimates submitted, and awarded him a further judgment for the use and benefit of his minor daughter of $1,500 for her pain and suffering. Subsequently, the court granted a rehearing limited solely to the question of whether the plaintiff was entitled to a further award for alleged depreciation of the automobile and on that re-hearing increased its judgment to him individually by $125. At this time the court specifically rejected the claim of $167.50 claimed by the plaintiff for medical expenses, but not pled in the petition at all. From that judgment defendants now appeal, not only as to the award against them but also as to the automatic rejection of their reconventional demands.
To be more specific plaintiff’s allegations charge the driver Shaw’s negligence, thus:
a. In operating a truck at a fast and unlawful rate of speed in excess of the speed limit of 25 miles per hour;
*277 b. In not having his truck under control;
c. In not keeping the proper lookout;
d. In failing to accord an automobile the right of way which pre-empted and was in the act of negotiating the intersection;
e. In failing to apply the brakes or in applying same said brakes were in such defective condition as to be ineffective.
The facts show that Betty Jean Enga, plaintiff’s daughter, was driving a brand new Pontiac on Avenue I going west and that Thomas C. Shaw, the employee of the Southern Bell Telephone and Telegraph Company was driving a company truck going south on Seventh Street. Avenue I is blacktopped right on through whereas Seventh Street is blacktopped coming from the north over which the truck was traveling to the point of intersection. Proceeding south it is a gravel street. There are no "Stop” signs at intersection and the truck was coming from the right of plaintiff’s car. Miss Enga and her companion, a Miss Bennett, who was sitting in the front seat with her, both testified that Miss Enga preempted the intersection first, and that the collision took place in her own right lane of traffic but beyond the center of Seventh Street. The truck coming from her right side showed skid marks before striking the car to indicate that it was traveling in excess of the 25 miles speed limit in the City of Kentwood and the front of the truck struck the car on the right, behind the front car light and all the way to the rear. Upon the impact, the car was knocked towards and across the ditch onto the lawn while the truck left the car upon the point of impact and made a half-moon maneuver, jumped the ditch, tore into the lawn and came direct against the car again for the second impact. These physical facts show undoubtedly, that the truck was going at an excessive rate of speed. The skid marks and the maneuvers of the truck in tearing up the lawn and finally coming to rest for the second impact against the car, shows that it was traveling at a great velocity. The two girls testified that as they got into the street, they were driving moderately, they saw the truck coming very fast. The driver of the car stated that she tried to stop her car so as to let the truck pass around her but that despite this precaution on her part, the truck drove into her right side. The driver of the truck stated that as he approached the intersection he saw the car to his left but that he thought he had plenty of time to make the intersection ahead of the car and proceeded to look on his right and before he turned his vision back the collision occurred. The location of the impact was definitely settled in the minds of this court by the other witnesses who corroborated the testimony of the driver of the Pontiac car. Lt. Champ Yar-brough of the State Police stated that the point of impact was across and west of the center line intersection in Miss Enga’s traffic lane. He testified that the skid marks made by the truck measured 36 feet to the point of impact. They were measured on the spot with a steel tape. Then the measurements from the point of the first impact to the point where the vehicles rested were 48 feet additional. City Marshall Duncan Womack corroborated his testimony with respect to the point of impact. The witness Shaw, the driver of the truck, is not impressive in his testimony. He states that as he arrived at the intersection, Miss Enga had not entered the intersection as of that time and that he was traveling only 25 miles per hour. Of course, the physical facts which shows that he drove his truck into her car destroys any weight to his testimony. Consequently the facts show the defendant driver of defendant Telephone Company truck was grossly negligent and such negligence is the proximate cause of this accident and that the driver of the Pontiac car was not contributorily negligent nor did she have the last clear chance to avoid the accident.
The reconventional demands of both defendants are therefore rejected.
The District Judge must have felt the same way and we agree there is no mani *278 fest error in his appreciation of the evidence. Numerous cases on intersectional accidents have been cited. We are mindful of the fact that each intersectional collision depends upon its individual facts and circumstances and consequently very little purpose would be served by detailed analysis of the cases cited. Suffice it to say that almost all of them can be factually distinguished. There are two cases, however, which we believe are decisive of the issues in this case.
In the case of Booth v. Columbia Casualty Co., 227 La. 932, 80 So.2d 869, 870, the Supreme Court said this:
“Automobile which first enters an intersection has right of way over approaching automobile and driver who does not respect this legal right of automobile which first entered the intersection to proceed through in safety, is negligent, even though automobile thereafter entering intersection is being driven on right of way street.”
Another case which is controlling here is the case of Gauthier v. Fogleman, La.App., 50 So.2d 321, 323, wherein the court said:
“It is well settled that where a collision occurs between two automobiles at a street intersection, the automobile which first entered the intersection has the right to proceed, having the right of way over any automobile approaching at right angles and that the driver who does not respect the legal right of the automobile which first entered the intersection to proceed through the intersection in safety, is negligent, even though the car entering the intersection secondly in point of time is being driven on a right of way street. Grouch v. Globe Furniture Co. Ltd., 16 La.App. 311, 134 So. 347; Middleton v. Jordan, 10 La.App. 189, 120 So. 668; Marshall v. Freeman, 10 La.App. 12, 120 So. 414; Gardiner v. Travelers Indemnity Co., La.App., 11 So.2d 61; Phares v. Courtney, La.App., 27 So.2d 925; Ferris v. Guinn, La.App., 21 So. 2d 106; Hutto v. Arbour, La.App., 4 So.2d 84; Drake v. Crowley Yellow Cab Co., Inc., La.App., 41 So.2d 533.”
There is no doubt in our minds but that the proximate cause of the accident was-the gross negligence (of defendant Shaw), and speed of defendant’s vehicle.
On the question of quantum we have carefully considered the testimony of the girl Betty Jean Enga and that of the doctor and in connection therewith reviewed the jurisprudence cited and we conclude the award made by the trial court of $1500 is ample. On the question of medical expenses, plaintiff failed to make a clear cut allegation but we believe that plaintiff should recover in the sum of $167.50 and for that reason, we will amend the District Court judgment by dismissing this particular item as of non-suit.
Plaintiff alleges and prays for recovery of $3954.34 less $2.01 depreciation (the car being bought new the day prior to the accident) or the net sum of $3952.33 representing the price of a new car. The trial court awarded $1,200 for damages of plaintiff’s automobile which is based on estimates furnished by garages in the record. There is definite and positive proof that plaintiff’s car could be repaired and put in as good a condition as it was prior to the accident. In addition to that, the district judge on rehearing awarded him $125 depreciation making a total of $1,325.
Plaintiff persists that he should nevertheless be awarded damages alleged and prayed’ for. In other words, he wants a new car and in support of his contention, he cites; Stone v. Commercial Fire & Casualty Co., La.App., 50 So.2d 327 and McMahon v. Manufacturers Casualty Insurance Co., 227 La. 777, 80 So.2d 405. These cases are not applicable here, because the Court held therein that there was no positive proof to the effect that the respective cars involved in the accidents could be repaired to their original condition.
*279 Consequently the item of $125 awarded by the trial court for depreciation will he ■ disallowed and the claim for medical expenses in the sum of $167.50 will be dismissed as of non-suit and the damages to plaintiff’s car is awarded in the sum of ■ $1,250 and in all other respects the judgment appealed from is affirmed. Defend.ants cast for costs.
Amended and affirmed.