HARDY, Judge.
This is a suit for damages for personal injuries allegedly sustained by plaintiff and he prosecutes this appeal from a judgment in favor of defendants rejecting his claims.
Plaintiff’s demands arise from an automobile collision which occurred near the noon hour on January 7, 1958, at the intersection of State Highway 1 and what is known as the Ferry Lake Road, in Caddo Parish. A car driven by the United States Marshal for the Western District of Louisiana, Don C. Moseley, in which plaintiff was being conveyed to the Federal prison at Texarkana, Arkansas, to begin serving a term imposed pursuant to a conviction on a misdemeanor charge, was moving north on Highway 1, and was struck by a truck owned by F. E. Hargrove & Son and driven by one James L. Shaw, which entered the highway from the Ferry Lake Road to the west. Joined as defendants are Aetna Casualty & Surety Company and Travelers Indemnity Company, the respective insurers of the Hargrove and Moseley vehicles.
After trial on the merits the district judge concluded that Moseley was free of any negligence and that the negligence of Shaw was the sole and proximate cause, of the accident. However, the trial judge refused the allowance of damages in favor of plaintiff on the ground that he had failed to establish any compensable injuries resulting from the accident.
On appeal before this court no real contention of error is made by any of the par-. *825 ties with reference to the finding of negligence, and our examination of the record is convincing as to the correctness of the ■conclusion reached by the trial judge on this point.
The only material issue tendered by this •appeal relates to plaintiff’s right to a monetary judgment in the nature of damages for •personal injuries resulting from the accident.
Plaintiff’s petition alleged that he suffer•ed injuries to the head, neck, dorsal spine, right shoulder and right knee; the •aggravation of a pre-existing arthritic con■dition of the dorsal spine, neck, right shoul■der and right knee, and a blow on the top •and front of the head.
Immediately after the accident Marshal 'Moseley conveyed the plaintiff to the Federal prison at Texarkana, where he was placed in the prison hospital for examination and observation. The complete hospital file was offered in evidence, and it convincingly establishes the fact that plaintiff was given complete and thorough examination, including x-rays, and that the findings therefrom were negative. The report further showed that plaintiff remained in the hospital overnight; that he slept soundly without sedation, and that he was discharged from the hospital the following morning. Thereafter, for the period of some eight months of his incarceration, ■plaintiff performed the duties imposed upon Tiim, including manual labor, without complaint and without any evidence of pain or •disability. After his release plaintiff was •examined by Dr. Overdyke, of Shreveport, a specialist in orthopedic surgery. Although the testimony of this witness discloses some minimal physical affections, there is nothing therein which can be accepted as relating them to the accident. The testimony of Dr. Taylor of Shreveport, •also a specialist in orthopedic surgery, a witness on behalf of defendant, discloses tio findings which would be consonant with plaintiff’s complaints. Nor does consideration of the testimony of plaintiff himself serve to justify a finding of any disability ■even of a temporary nature which resulted from injuries received in the accident.
It is strenuously urged by able counsel for plaintiff-appellant that awards havfe been made by each of our three Circuit Courts for injuries which were no more serious than those demonstrated in the instant case, citing Anderson v. Morgan City Canning Co., Inc., La.App. Orleans, 73 So.2d 196; Ferris v. Quinn, La.App., Second Circuit, 21 So.2d 106, and Gauthier v. Fogleman, La.App., First Circuit, 50 So.2d 321.
Examination of the cited cases discloses that in the Anderson case [73 So.2d 204] an award of $150 was made in favor of one of the plaintiffs who suffered “multiple bruises and abrasions of the left ankle”, which were cleaned and treated in the emergency room of the hospital; in the Ferris case [21 So.2d 107] plaintiff sustained a “small scalp wound, which it was necessary to close by two stitches, and some small bruises on the legs. There is no evidence that plaintiff suffered to any great extent, there was no infection of the wound, and the stitches were removed nine days after the accident,” for which the court awarded $100; and in the Gauthier case [50 So.2d 324] an award of $150 was made “for the shock, pain and suffering * * * experienced.”
We think the facts in the instant case are readily and substantially distinguishable from the findings in the cited cases. This plaintiff has not established the existence of any nature of injury which required medical attention or treatment, nor does the record sustain a conclusion that any degree of shock, pain or suffering resulted.
In our opinion plaintiff has completely failed to establish, by adequate and acceptable proof, the existence of any nature, ■type, degree or extent of injury of a com-pensable nature, and it follows that the judgment appealed from should be, and accordingly it is, affirmed at appellant’s cost.